Mr. Justice FIELD
 

 delivered the opinion of the court.
 

 Several grounds were taken, in the court below, in defence of this action; and, among others, the corporation relied upon the proposition ’ of law, 'that. an agreement of the character stated, — that is, an agreement for compensation to procure a contract from the Government to furnish its supplies, — is against public policy, and void. This proposition is the question for the consideration of the court. It arises upon the refusal of the court-'below to give one of the instructions asked.
 

 A suggestion was made on the ai'gument, though not. much pressed, that the instruction involving the proposition efinnot properly be regarded, inasmuch as it was directed in terms to the agreement set forth in the special counts of the declaration^ upon which the jury found for the defendants. There would be much force in this suggestion, if the- general counts-, upon which the verdict passed for the plaintiff, did not algo .aver that his services were rendered in procuring the same contract from the Government. The instruction ivas directed especially to the' legality of a contract of that
 
 *54
 
 kind, which having been, once refused -with reference to some of the counis, it was not necessary for counsel to renew with reference to the other counts to which it was equally applicable. The subsequent instructions were, therefore, directed to other matters.
 

 It was not claimed, on the trial, that the plaintiff had 'rendered any other services than those which resulted in the procurement of the contract1 for the muskets. We are of opinion, therefore, .that the proposition of law is fairly presented by the record, and is before us for consideration.
 

 The question, then, is this: Can an agreement for compensation to procure a contract from the (government to furnish its supplies be enforced by the courts ? We have no hesitation in answering the question in the negative. . All. contracts for supplies should be made with those, and with those only, who will execute them most faithfully, and. at the least expense to the Government. Considerations as to the most efficient and economical mode of meeting the public wants should alone control, in this respect, the action of every department of the Government. No other consideration can lawfully enter into the transaction, so far as. the Government is concerned. Such is the rule of public policy; and whatever tends to introduce any other elements into the transaction, is against public policy. That'agreements, like the one under consideration, have this tendency, is manifest. They tend to introduce personal solicitation and personal influence, as elements in the procurement of.contracts; and thus directly lead to inefficiency in the public service,.and to unnecessary expenditures of the public funds.
 

 The principle which determines the invalidity of the agreement in question has been asserted in a great variety of cases. It has been asserted in cases relating to agreements for compensation to procure legislation. These have been uniformly declared invalid, and the decisions have not turned upon the question, whether improper influences were contemplated or used, but upon the corrupting tendency of the agreements. Legislation should be prompted solely
 
 *55
 
 from considerations of tbe public good, and the best means of advancing it. Whatever tends to divert , the attention of legislators from their, high duties, to mislead their judg ments, or to substitute other motives for their conduct than the advancement of the public interests, must necessarily and directly tend to impair the integrity of our political institutions. Agreements for compensation contingent upon success, suggest the use of sinister and corrupt means for the accomplishment of the end desired. The.law meets the suggestion of evil, and strikes down the contract from its inception.
 

 Thére is'no real difference in principle between agreements, to procure favors from legislative bodies, and agreements. .to procure favors in the shape of contracts from the heads of departments. The introduction of improper elements to contrql the action of both, is the direct and inevitable result of all such arrangements.
 
 *
 

 The same principle has also been applied, in numerous instances, to agreements for compensation to procure appointments to public offices. These offices are trusts, held solely for the public good, and should be conferred from considerations of the ability, integrity, fidelity, and fitness for the position of the appointee. No■ other -considerations can properly be regarded by the appointing power. Whatever1 introduces other elements to control this power, must necessarily lower the character of the appointments, to the great detriment of the public. Agreements for compensation to procure these appointments tend directly and necessarily to introduce such elements. The law, therefore, from this tendency alone, adjudges these agreements inconsistent with sound morals and public policy.
 
 †
 

 Other agreements of an analogous character might be mentioned,-which the courts, for the same or similar reasons, refuse to uphold. It is unnecessary to state them particularly;
 
 *56
 
 .it is sufficient to. observe, generally, that all agreements for pecuniary considerations to control the business operations of the Government, or the regular administration of justice, or the appointments to public offices, or the ordinary course of legislation, are void as against public policy, without reference to the question, whether improper means are contemplated or used in their execution. v.The law looks to the -genera] tendency of such agreements; and it closes the door to temptation, by refusing them recognition in any of the courts of the country.
 

 It follows that-the judgment of the court below muse be reversed, and the cause remanded for a new trial; and it is
 

 So ORDERED.
 

 *
 

 Marshall
 
 v.
 
 Baltimore and Ohio Railroad Company, 16 Howard, 314; Harris
 
 v.
 
 Roof’s Executors, 10 Barbour, 489; Fuller
 
 v.
 
 Dame, 18 Pickering, 472.
 

 †
 

 Gray
 
 v.
 
 Hook, 4 Comstock, 449.