Slocum v. Wooley.

### EDWARD R. SLOCUM

v.

### MARGARET WOOLEY et al.

Complainant conveyed a tract of land to defendants' ancestor, in order that the latter might oppose the opening of a street through it, which he afterwards did successfully, and on his parol promise to reconvey the land to complainant. Held—

(1) That the transaction was void, on the ground of public policy.

(2) That the parol promise to reconvey was void under the statute of frauds.

Note.—Similar contracts, void because contrary to public policy, have been held unenforceable in the following instances: to procure a caveator to withdraw his opposition to the opening of a highway, Smith v. Applegate, 3 Zab. 352; see Weeks v. Lippencott, 42 Pa. St. 474; Makemson v. Kauffman, 35 Ohio St. 444; to abandon proceedings already begun for establishing a highway, Jacobs v. Tobiason, 65 Iowa 245; to vacate a highway over plaintiff's lands, Cromwell v Connecticut Co., 50 Conn. 470; Martin v. Brooklyn, 1 Hill (N. Y.) 545; to sign a petition for opening a street, Maguire v. Smock, 1 Wils. (Ind.) 92, 42 Ind. 1; Howard v. First Church, 18 Md. 451; see Kimball v. Yates, 14 Ill. 464; Ray v. Mackin, 100 Ill. 246; Townsend v. Hoyle, 20 Conn. 1; to indemnify one who was liable to work on a highway, if he should refuse to do so, James v. Hendree, 34 Ala. 488; see Allaire v. Ouland, 2 Johns. Cas. 52; Coventry v. Barton, 17 Johns. 142; Davis v. Arledge, 3 Hill (S. C.) 170; to discharge the contractors from personal liability for materials furnished, and to look to the buildings alone, Young v. Burtman, 1 Phila. (106) 203; to withdraw opposition to the passage of a bill in the legislature, Martin v. Second St. R. R. Co., 3 Phila. 316; Pingry v. Wash-

Slocum v. Wooley.

On bill, answer, and proofs.

*Mr. W. A. Heisley* and *Mr. A. C. Hartshorne*, for complainant.

*Messrs. Applegate & Hope*, for defendants.

BIRD, V. C.

The bill in this case is filed to compel the defendants to convey to the complainant a tract of land. He was the owner of this land, in fee, in 1876. The commissioners of Long Branch were then about to extend a street across this land, to which he was opposed. Fearing his inability to succeed in his opposition, and knowing that Jordan Wooley, the husband of one of the defendants, and the father of the others, was a man of considerable influence in that locality, he conveyed the title to the said land to Jordan Wooley, who was his father-in-law. The allegation is, and it is very distinctly proved, that no other consideration passed

---

burn, *1 Aik. 264;* to withdraw a plea of usury, *Clark* v. *Spencer, 14 Kan. 393;* see *Brolasky* v. *Miller, 1 Stork. 807; Bryan* v. *Thompson, 7 J. J. Marsh. 586; Getman* v. *Second Nat. Bank, 89 N. Y. 136; Mabee* v. *Crozier, 22 Hun 264; Bosler* v. *Rheem, 72 Pa. St. 54;* not to oppose a divorce, or to discontinue pro-ceedings for a divorce already begun, *Yorston* v. *Yorston, 5 Stew. Eq. 505, note; Viser* v. *Bertrand, 14 Ark. 267; Barnes* v. *Barnes, L. R. (1 P. & D.) 505; Stilson* v. *Stilson, 46 Conn. 15; Everhart* v. *Puckett, 73 Ind. 409; Beard* v. *Beard, 65 Cal. 354; Martin* v. *Martin, 65 Iowa 255; Reithmier* v. *Beckwith, 35 Mich. 110; Comstock* v. *Adams, 23 Kan. 513; Cross* v. *Cross, 58 N. H. 373; Douville* v. *Merrick, 25 Wis. 688;* but a compromise of a divorce suit may be sustained, *Hart* v. *Hart, L. R. (18 Ch. Div.) 670; Bucknell* v. *Bucknell, 7 Irish C. L. 130;* see *Sterling* v. *Sterling, 12 Ga. 201; Hamilton* v. *Hamilton, 89 Ill. 349; Adams* v. *Adams, 91 N. Y. 381; Chapin* v. *Chapin, 135 Mass. 393; Schmieding* v. *Doellner, 10 Mo. App. 373; Copeland* v. *Boaz, 9 Baxt. 223;* or obligations given as compensation for an assault, *Price* v. *Summers, 2 South. 578; Whitenack* v. *Ten Eyck, 2 Gr. Ch. 249.*

But contracts not to oppose a railroad, or to withdraw opposition to legislation therefor, are valid in England, *Edwards* v. *Grand Junction R. R. Co., 7 Sim. 337, 1 Myl. & Cr. 650; Simpson* v. *Lord Howden, 1 Keen 583, 3 Myl. & Cr. 97, 10 Ad. & El. 793, 9 Cl. & Fin. 61; Earl of Shrewsbury* v. *North Stafford-shire R. R. Co., L. R. (1 Eq.) 593; Stanley* v. *Chester R. R. Co., 3 Myl. & Cr. 773, 9 Sim. 264; Vauxhall Bridge Co.* v. *Earl Spencer, 2 Madd. 527, Jacob 64.*

As to such contracts in the United States, see *St. Louis R. R. Co.* v. *Mathers, 71 Ill. 592, 104 Ill. 257; Pixley* v. *Gould, 13 Ill. App. 565; Louisville R. R. Co.* v. *Sumner, 106 Ind. 55; Williamson* v. *Chicago R. R. Co., 53 Iowa 126, 36 Am.*

Slocum v. Wooley.

than that the father-in-law, the grantee, was to use his influence
in opposition to the extension of said street, which he did success-
fully.    It is also equally well proved that the father-in-law
promised verbally to reconvey the said land to the complainant.
These things are established to my entire satisfaction.    But Jor-
dan Wooley died before such reconveyance was made.    Can the
defendants be compelled to make such reconveyance?    It is said
in their behalf that the transaction between the complainant and
Jordan Wooley was illegal, because contrary to public policy, and
that it cannot be enforced.    The complainant shows that he made
the conveyance in order the more effectually to have the benefit
of the personal influence which it was known his father-in-law,
the grantee, would be able to exert upon the commissioners ; he
proved that the grantee had held several important offices, and
largely enjoyed the confidence of the citizens.    It was to bring
the talents of such an one to bear against the extension of the

Rep. 206, 214 note ; Botkin v. Livingston, 16 Kan. 39 ; Stowell v Stowell, 45
Mich. 364 ; Workman v. Campbell, 46 Mo. 305 ; Mo. Pac. R. R Co. v. Tygard,
84 Mo. 263 ; Southard v. Central R. R. Co., 2 Dutch. 13 ; Baltimore R. R. Co. v.
Ralston, 41 Ohio St. 573 ; Currie v. Natchez R. R. Co., 61 Miss. 725 ; Cumber-
land Valley R. R. Co. v. Baab, 9 Watts 458 ; Holladay v. Patterson, 5 Oreg. 177 ;
Cook v. Sherman, 4 McCrary 20.

A covenant not to revoke a will is valid, Robinson v. Ommanney, L. R.
(21 Ch. Div.) 780 ; see De Moss v. Robinson, 46 Mich. 62 ; Maunsell v. White, 1
Jones & L. 539 ; and an agreement not to oppose the probate of a will,
Palmer v. North, 35 Barb. 28? ; Hindert v. Schneider, 4 Ill. App. 203 ; Rue v.
Meirs, 16 Stew. Eq. 377; see Bolles v. Bacon, 3 Dem. (N. Y.) 43 ; Busby v. Con-
way, 8 Md. 55 ; and so of an agreement to withdraw a caveat to a will, Seaman
v. Seaman, 12 Wend. 381 ; Slocum v. Grandin, 11 Stew. Eq. 488 note ; Grandin v.
Grandin, 20 Vr. 508 ; see Poe v. Davis, 29 Ala. 676 ; Mackey v. Daniel, 59 Md.
484 ; Hopkins v. Hinkley, 61 Md. 584 ; or exceptions to an administrator's
account, Holbrook v. Blodget, 5 Vt. 520 ; or an auditor's account, Miller's Ap-
peal, 30 Pa. St. 478 ; but an agreement not to offer a will for probate is void,
Gray v. McReynolds, 65 Iowa 461 ; but see Adams v. Outhouse, 45 N. Y. 318.

One to abandon the statutory right to recover damages from a master for
injuries sustained during plaintiff's employment as a servant, notwithstanding
such relation, is valid, Griffiths v. Earl Dudley, L. R. (9 Q. B. D.) 357 ; see
2 Thomp. on Neg. 1025 § 28 ; Cook v. Western R. R. Co., 72 Ga. 48 ; Lake Shore
R. R. Co. v. Spangler, 44 Ohio St. 471 ; Roesner v. Hermann, 8 Fed. Rep. 782 ;
Kansas Pac. R. R. Co. v. Peavey, 29 Kan. 169 ; see, further, Beal v. Polhemus,
34 N W. ?p. 532.—Rep.

street that induced the making of the conveyance, and of the alleged parol agreement to reconvey.

The courts will not aid in the enforcement of any contract which has for its object the defeat of a public enterprise; nor will the courts aid any one, who involves his property in peril for a like purpose, in his effort to rescue his property, whether it appertain to the carrying of the mails (*Gulick* v. *Ward, 5 Hal. 87*); or to the laying out of a highway (*Smith* v. *Applegate, 3 Zab. 352*); or to the carrying of freights (*Union Locomotive Co.* v. *Erie R. R. Co., 8 Vr. 23*); or to marry when a divorce shall have been obtained (*Noice* v. *Brown, 10 Vr. 133*); or to renounce an executorship (*Ellicott* v. *Chamberlain, 11 Stew. Eq. 604*); or to the procuring of a contract from the government to furnish supplies (*Tool Company* v. *Norris, 2 Wall. 45*); or to the discharge of an insolvent debtor (*Sharp* v. *Teese, 4 Hal. 352*); or to protect the property of a debtor agains this creditors (*Church* v. *Muir, 4 Vr. 318*).

But, in addition to this, it is insisted, upon the part of the defendants, that there is not, and cannot be, any legal proof that Jordan Wooley held the title to this property for the complainant. The complainant insists that Mr. Wooley held this in trust for him, and that he was obliged, in his lifetime, in fulfillment of that trust, to make a conveyance to him, and that his heirs-at-law are, since his death, under the same obligation. The defendants say that such trust can only be established by writing, of which it is admitted there is none. Parol evidence is inadmissible for such purpose. The provisions of the statute of frauds are imperative. *Whyte* v. *Arthur, 2 C. E. Gr. 521; Mc.Vay* v. *Mc Vay, 10 Atl. Rep. 178; Smith* v. *Howell, 3 Stock. 349, 352; Eaton* v. *Eaton, 6 Vr. 290.* If the rule be thus stringent, when free from the taint of fraud or illegality, much more will it apply where either or both of these obnoxious ingredients is or are present. *Perry on Trusts § 165.*

It is proper that I should say that the effort, on the part of the defendants, to prove that the grantee paid any money, goods, accounts, or other valuable thing for the deed, utterly failed.

I will advise that the bill be dismissed, with costs.