# MIGUEL GUERRA
### *v.*
# CARLOS CONDE.

---

San Juan, Law, No. 466.

Recovery cannot be had upon a contract for services, contingent on success, a part of which services are for lobbying before Congress and the Executive Council of Porto Rico, to secure the passage of a franchise, although the other services contemplated by the contract are such that ordinarily recovery for the same could be had.

Case tried May 25, 1907.

---

*Mr. T. D. Mott, Jr.*, attorney for plaintiff.

*Mr. Francis H. Dexter*, attorney for defendant.

Instructions by RODEY, Judge:

This was a suit at law to recover from the defendant the sum of $15,000 for "certain services rendered to the defendant in and about the procuring and obtaining for the latter certain franchises from the Federal government and from the government of Porto Rico, authorizing the defendant to build and operate a wharf and pier in the harbor of San Juan, Porto Rico." There was nothing in or about the complaint to indicate the character of the services rendered, and so the cause went to

Guerra v. Conde.

issue in the usual way. During the trial it developed that the plaintiff claimed that the defendant had employed him to go to the city of Washington and secure from the proper authorities a franchise to build a pier, as stated; that he went there and stayed several months and had a whole lot of correspondence to and fro between Washington and Porto Rico with the defendant about his action there. It further developed that most of plaintiff's services were lobbying around the House of Representatives, endeavoring to get a bill through Congress, either directly to the defendant or one under which defendant could secure the right, and an exclusive one, if possible, to build a pier, as stated.

Plaintiff introduced in evidence the following contract, which he claimed was the original basis of his employment:

"Know all men by this simple and extrajudicial document which we desire to have at law as much force and effect as if it were public, that we, the undersigned contracting parties, bind ourselves mutually by the present contract, which we carry into effect in the manner following:

"1. Don Miguel Guerra Mondragon, bachelor, lawyer, of lawful age, and resident of the city of San Juan, Porto Rico, binds himself unto Don Carlos Conde to solicit, secure, and obtain, in favor of the latter, the concession of a franchise for the construction of a pier in the harbor of San Juan from the proper authorities at Washington and in Porto Rico, for the sum of eight hundred dollars, current money.

"2. Don Carlos Conde, bachelor, merchant, and resident of San Juan, binds himself under the present agreement to pay to Mr. Guerra, by reason of his professional fees for his services rendered and hereafter to be rendered in the obtaining of the

Guerra v. Conde.

said franchise, as much in the United States as in Porto Rico, the amount of eight hundred dollars current money ($800), it being understood by the present that this amount will be higher in case of a success, and, in case that the franchise desired should not be obtained, then Mr. Guerra shall only be entitled to the aforesaid amount of eight hundred dollars, which Mr. Guerra, by the present document, acknowledges to have received to his satisfaction and contentment.

"3. In case that the franchise which Mr. Guerra is to solicit from the competent authorities should be granted, Mr. Conde binds himself by this document to pay and grant to Mr. Guerra the amount of one thousand two hundred dollars ($1,200) additional, upon Mr. Conde making the sale of the said franchise to third parties, or upon the organization of a corporation to undertake the construction of said pier. With the reservation, however, that, in case that Mr. Conde should obtain a high bonus on selling the franchise, then he binds himself to grant Mr. Guerra a prudent and reasonable percentage in proportion to the amount obtained on said sale or organization of a company which, in due time, will construct the said pier.

"4. It is understood by these presents that the traveling expenses and such other expenses as may be incurred in the United States shall be for the private account of the said Mr. Guerra.

"Signed in San Juan, Porto Rico, this 10th day of January, 1906."

Later, the plaintiff also introduced in evidence an account which he testified he had rendered to the defendant on his return to Porto Rico. It was for the sum of $6,500, and was as follows:

Guerra v. Conde.

For fees accruing in soliciting the approval of an act from the Congress of the United States for the construction of the piers. This law was approved by the said Congress on June 11, 1906.

For four hearings before the committee on insular affairs of the House of Representatives of the United States.

For several pleadings presented.

For several consultations with that object in view.

For my stay in Washington, District of Columbia, from January 20, 1906, to June 12, of the same year, and other professional services...................... $3,000

For my appearance before the House of Delegates of Porto Rico, in opposition to a bill introduced during the sessions of the said House........................ 150

For application for a franchise, filed with the Executive Council of Porto Rico, for three hearings before said Council.

For several writings and consultations, and for obtaining the franchise granted to Carlos Conde Casariego by the Executive Council of Porto Rico, on the 31st day of August, 1906................................ 1,500

For application for a franchise, filed with the Secretary of War; for several writings in defense presented for that purpose; for consultations, and for finally obtaining a franchise granted to Don Carlos Conde Casariego by the Honorable the Secretary of War on the 27th of November, 1906............................ 1,500

For service works of lesser import............... 150

Total.............. $6,300

Guerra v. Conde.

From all the evidence in the case, and while it was made manifest that plaintiff did render some services as an attorney at law for the defendant, which he could ordinarily have recovered for if it was not coupled with the other services and the contract in the case, still, his entire stay in Washington and his work there, especially before Congress and its committees, and his work before the Executive Council in Porto Rico, were of such a character, in the light of all the evidence and of the contract aforesaid, which, as will be seen, made his compensation contingent on success, as that the whole transaction was manifestly an effort to secure compensation for services, a large part of which was work as a lobbyist. Courts do not lend their aid to plaintiffs in such cases. Contracts of that kind are against public policy.

Therefore, under the authority of Marshall v. Baltimore & O. R. Co. 16 How. 314, 14 L. ed. 953; Providence Tool Co. v. Norris, 2 Wall. 45, 17 L. ed. 868; Trist v. Child (Burke v. Child) 21 Wall. 441, 22 L. ed. 623; Hazelton v. Sheckells, 202 U. S. 71, 50 L. ed. 939, 26 Sup. Ct. Rep. 567; and Earle v. Myers, 207 U. S. 244, 50 L. ed. 191, 28 Sup. Ct. Rep. 86, and all their citations.

The court instructs the jury to find for the defendant.