## NOONAN v. GILBERT.
### No. 5910.

Court of Appeals of the District of Columbia.
Argued Dec. 5, 1933.
Decided Jan. 2, 1934.

Martin J. McNamara and Martin F. O'Donoghue, both of Washington, D. C., for plaintiff in error.

Robert Hardison, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Writ of error to the Municipal Court of the District.

Plaintiff (defendant in error) brought suit in the court below claiming a balance due on a contract for professional services. The amended declaration alleges that plaintiff was retained as counsel by the defendant (plaintiff in error) "to appear before the Public Utilities Commission and any Congressional committees holding hearings as to merger or fare increase by the street railways of the District of Columbia, * * * and was by argument and the production of data and evidence before the Public Utilities Commission and, if necessary, before Congressional committees, to endeavor to bring about such a reduction of fares by order of the Public Utilities Commission, and if not, by Congressional enactment. * * * It was understood and agreed that only lawful means should be used, and that plaintiff's work before the Public Utilities Commission, and Congressional committees, should consist only in making arguments, furnishing data to, and producing evidence before, said Public Utilities Commission, or Congressional committee. Defendant was to pay all the necessary expenses of plaintiff incident to said work and was to pay plaintiff as fee for his services the sum of $500.00 in any event, and the sum of $1,000.00 if said reduction of fares was brought about."

To this declaration defendant filed a demurrer alleging that the contract was void as against public policy. The demurrer was overruled and trial had, which resulted in a verdict and judgment for the plaintiff.

■■ A contract for services to be rendered by an agent or attorney before a legislative body in securing the passage of a measure is lawful if it does not contemplate the use of improper means. Where the compensation for procuring legislation is contingent, the contract is void as against public policy, regardless of whether corrupt practices are resorted to or contemplated. Marshall v. Baltimore & Ohio Railroad Co., 16 How. 314, 336, 14 L. Ed. 953; Providence Tool Co. v. Norris, 2 Wall. 45, 17 L. Ed. 868; Trist v. Child, 21 Wall. 441, 452, 22 L. Ed. 623; Hazelton v. Sheckells, 202 U. S. 71, 79, 26 S. Ct. 567, 50 L. Ed. 939, 6 Ann. Cas. 217; 6 R. C. L. 735, § 140; 13 C. J. 432, § 368.

In the Norris Case the court said: "Agreements for compensation contingent upon success, suggest the use of sinister and corrupt means for the accomplishment of

the end desired. The law meets the suggestion of evil, and strikes down the contract from its inception." 2 Wall. at page 55, 17 L. Ed. 868. The court further observed that "the decisions have not turned upon the question, whether improper influences were contemplated or used, but upon the corrupting tendency of the agreements."

■ It was held in the Sheckells Case that the contract involved a contingent fee for services which, when rendered, were legitimate. The court said (202 U. S. at page 79, 26 S. Ct. 567, 568, 50 L. Ed. 939, 6 Ann. Cas. 217): "We assume that they [the services] were legitimate, but the validity of the contract depends on the nature of the original offer, and, whatever their form, the tendency of such offers is the same. The objection to them rests in their tendency, not in what was done in the particular case."

That the contract in the present case was contingent in part is clear. While plaintiff was to receive $500 in any event, the payment of the additional $500 was contingent upon success. "Every part of the consideration goes equally to the whole promise, and therefore, if any part of it is contrary to public policy, the whole promise falls." Hazelton v. Sheckells, 202 U. S. 71, 78, 26 S. Ct. 567, 50 L. Ed. 939, 6 Ann. Cas. 217. "That which is bad destroys that which is good, and they perish together." Trist v. Child, 21 Wall. 441, 452, 22 L. Ed. 623.

■ Defendant reserved no exception to the action of the court in overruling his demurrer to the amended declaration, and, while he moved for a directed verdict at the close of plaintiff's evidence, he failed to renew the motion at the close of all the evidence. But a court in the due administration of justice is bound to refuse its aid to enforce a contract that offends public policy. The invalidity of the contract may not be waived "by any system of pleading, or even by the express stipulation of the parties." The question "was one which the court itself was bound to raise in the interest of the due administration of justice." Oscanyan v. Winchester Repeating Arms Co., 103 U. S. 261, 267, 26 L. Ed. 539; Steele v. Drummond, 275 U. S. 199, 204, 48 S. Ct. 53, 72 L. Ed. 238.

Judgment reversed, with costs, and the cause remanded, with directions to enter judgment on the pleadings in accordance with this opinion.

Reversed and remanded.