WEEHAWKEN REALTY COMPANY, APPELLANT, v. JACOB I. HASS AND LEWIS HASS, TRADING UNDER THE FIRM NAME AND STYLE OF HASS BROTHERS, RESPONDENT.

Argued October 2, 1934—Decided March 9, 1935.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Nathan J. Littauer* (*George J. Kaplan,* of counsel).

For the respondent, *I. Joseph Stein.*

LLOYD, J. Judgment of nonsuit was rendered on the state of demand which was in two counts; one for services in

obtaining a reduction of assessments; the other in general terms for services rendered.

The first count is claimed to be bad because setting forth a contingent contract which is against public policy. We think this is so. The policy which forbids contingent contracts for services before bodies such as boards of assessors, is declared in *Hazelton* v. *Scheckles,* 202 *U. S.* 71; 50 *L. Ed.* 939, and is based not alone on necessary wrong in the contract, but on the tendency to corrupt. A contingent fee is a temptation to the use of all available means to success, and this both legitimate and otherwise. The policy has been applied especially to inducing legislation, but is not less applicable to such services where addressed to bodies having power to grant both claims and favors. See *Noonan* v. *Gilbert,* 28 *Fed. Rep.* (2d *ed.*) 775.

The case must go back, however, on the second count. While that count may represent the same services as those sued for in the first, it does not so appear. The judgment below could only be sustained if the second count fails to state a cause of action, and this we think is not the fact.

The judgment is reversed.