## BROWN v. GESELLSCHAFT FUR DRAHTLOSE TELEGRAPHIE, M. B. H.

### No. 7086.

United States Court of Appeals for the District of Columbia.

Decided March 13, 1939.

Stanton C. Peelle and Paul E. Lesh, both of Washington, D. C., for appellant.

G. Thomas Dunlop and Frank J. Hogan, both of Washington, D. C., and Geo. Whitefield Betts, Jr., of New York City, for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

MILLER, Associate Justice.

On a former appeal[1] we decided that appellant was not entitled to recover upon the identical contract which is involved in the present appeal, and remanded the case for further proceedings not inconsistent with the opinion rendered therein. The lower court thereupon entered an order for costs in favor of appellee and for a new trial. The parties stipulated "that

[1] Gesellschaft Fur Drahtlose Telegraphie M. B. H. v. Brown, 64 App.D.C. 357, 78 F.2d 410, certiorari denied 296 U.S. 618, 56 S.Ct. 139, 80 L.Ed. 439.

the issues of fact herein may be tried and determined by the Court without the intervention of a jury, a jury being hereby waived, and further that the evidence adduced at the former trial of the issues herein may be considered as resubmitted to the trial judge upon this trial and that both parties may submit such additional evidence as they may be advised." The record states that evidence was adduced by the parties, but fails to reveal that any additional evidence was offered or received. The lower court made new findings of fact, judgment was entered in favor of appellee, and the present appeal is from that judgment.

Appellant concedes that so far as the express contract is concerned, this court must reverse itself in order to allow him a recovery thereon, because he can point to no element which constitutes a substantial distinction between the case presented in the earlier appeal and that presented in the present appeal. In support of his argument for reversal he urges that (1) our earlier conclusion was incorrect; (2) the court is not precluded by the "law of the case" doctrine from reaching a different conclusion; (3) the contract is legal; and (4) a decision in accord with our earlier decision would be plainly wrong and would work manifest injustice.

■ While it is true that the rule of the "law of the case" would not prevent a different conclusion, if a clear case were presented showing that the earlier adjudication was plainly wrong and that application of the rule would work manifest injustice,[2] there is no such showing here.

■ Appellant relies upon certain language which appears in our earlier opinion to support his contention that he had a lawful claim which required merely remedial legislation to enforce it, *i. e.*:

"Defendant had no existing legal claim against the government prior to the enactment of the War Claims Act, nor was any claim in its favor specifically granted or established by the act. It required legislation to create the rights so that claims for compensation under plaintiffs' contract could be instituted in the department or tribunal provided. In the passage of the Settlement of War Claims Act of 1928 (45 Stat. 254), Congress was acting in a purely legislative capacity and not in a quasi-judicial capacity. It was not adjudicating the right of defendant or any other claimant to recover an individual claim against the government. It was merely enacting a remedial statute, providing a method by which claims might be adjudicated in a proper tribunal and the rights of claimants be determined." [3]

The latter part of the quoted paragraph, standing alone and without regard to the context of the opinion, may be susceptible of the interpretation which he seeks to place upon it. But the language which is decisive of the case is: "Defendant had no existing legal claim against the government prior to the enactment of the War Claims Act, . . ." As it had no legal claim, appellant's agreement to take such steps as might be deemed necessary to protect the rights and interests of appellee and to enforce such rights against the government or any of its departments, bureaus, or divisions,[4] fell within the class

---

[2] Davis v. Davis, 68 App.D.C. 240, 243, 96 F.2d 512, 515: "The court has power, under some circumstances, to disregard a prior decision, although it should not be exercised except in a clear case (Williams v. Order of Commercial Travelers, 6 Cir., 41 F.2d 745), where the earlier adjudication was plainly wrong (Seagraves v. Wallace, 5 Cir., 69 F.2d 163, 165; Rogers v. Chicago, R. I. & P. Ry., 8 Cir., 39 F.2d 601, 604), and where the application of the 'law of the case' rule would work manifest injustice. Zurich General Accident & Liability Ins. Co. v. O'Keefe, 8 Cir., 64 F.2d 768, 770; Johnson v. Cadillac Motor Car Co., 2 Cir., 261 F. 878, 886, 8 A.L.R. 1023. Cf. United States v. Moser, 266 U.S. 236, 242, 45 S. Ct. 66, 67, 69 L.Ed. 262."

[3] Gesellschaft Fur Drahtlose Telegraphie M. B. H. v. Brown, 64 App.D.C. 357,

361, 78 F.2d 410, 414, certiorari denied 296 U.S. 618, 56 S.Ct. 139, 80 L.Ed. 439.

[4] Gesellschaft Fur Drahtlose Telegraphie M. B. H. v. Brown, 64 App.D.C. 357, 358, 360, 78 F.2d 410, 411, 413, certiorari denied 296 U.S. 618, 56 S.Ct. 139, 80 L.Ed. 439. The lower court, in the present case, found specifically that appellant, in drafting the contract of employment, "had in mind that it might become necessary to obtain legislation which would establish a forum, before which his client's claims might be set up, and he also had in mind that the terms of the contract included the obtaining of legislation that might be necessary for establishing his client's claims.", and, further, that the contract contemplated and included services "in securing remedial legislation in consideration of a contingent reward...."

of contracts condemned by the law.[5] As we said further: "This provision [of the contract] broadly opened the door for plaintiff and his associates through the inducement of the large compensation involved to attempt means and methods which have led to the establishment by the courts of the rule of public policy, which renders this contract null and void." [6]

So far as the rights of appellee were concerned, the War Claims Act constituted "favor legislation" as distinguished from "debt legislation."[7] Careful analysis reveals this distinction in each of the cases relied upon by appellant.[8] In each there was a lawful existing claim; here there was none.

■■■ In our earlier opinion we used language derogatory of appellee because after reaping the reward of appellant's efforts, its corporate conscience was satisfied by pleading the rule of public policy and failing to compensate appellant for services rendered.[9] Appellant finds comfort in this language and urges it upon us now to show that our prior opinion results in injustice. Unfortunately for appellant we cannot follow him to that conclusion. The policy of the law which prohibits contingent fees for services rendered in securing "favor legislation", is not concerned with the moral or ethical standards of clients served. The purpose of the law is to prevent improper pressures upon legislative action. The fact that a client may be one of such low moral and ethical standards as to take advantage of his agent, certainly constitutes no reason for permitting his agent to take advantage of the government. This is particulary true in the present case. Justice, although perhaps a blind goddess, cannot overlook the fact that appellant is a lawyer, an officer of the court, charged with knowledge of the law.

■ Appellant proposes also—apparently with the idea that it is a newly discovered alternative—that if the court adheres to its earlier adjudication upon the express contract, it may nevertheless give him a judgment in *quantum meruit*. This proposal was considered on the former appeal and rejected.[10] We adhere to our decision upon that point also.[11]

Affirmed.

[5] Trist v. Child, 21 Wall. 441, 22 L.Ed. 623; Marshall v. Baltimore & Ohio R. R., 16 How. 314, 335, 14 L.Ed. 953; Hazelton v. Sheckells, 202 U.S. 71, 26 S. Ct. 567, 50 L.Ed. 939, 6 Ann.Cas. 217; Owens v. Wilkinson, 20 App.D.C. 51, 68 et seq., certiorari denied 187 U.S. 646, 23 S.Ct. 845, 47 L.Ed. 347. See Noonan v. Gilbert, 63 App.D.C. 30, 68 F.2d 775.

[6] Gesellschaft Fur Drahtlose Telegraphie M. B. H. v. Brown, 64 App.D.C. 357, 361, 78 F.2d 410, 414, certiorari denied 296 U.S. 618, 56 S.Ct. 139, 80 L.Ed. 439. See Notes, 29 A.L.R. 157, 46 A.L.R. 196, 67 A.L.R. 684.

[7] Hollister v. Ulvi, 199 Minn. 269, 278, 271 N.W. 493, 498. See Weehawken Realty Co. v. Hass, 13 N.J.Misc. 231, 177 A. 434. Cf. Steele v. Drummond, 275 U.S. 199, 205-206, 48 S.Ct. 53, 72 L.Ed. 238; Crocker v. United States, 240 U.S. 74, 79, 36 S.Ct. 245, 60 L.Ed. 533; Providence Tool Co. v. Norris, 2 Wall. 45, 54, 55, 17 L.Ed. 868.

[8] McGowan v. Parish, 237 U.S. 285, 35 S.Ct. 543, 59 L.Ed. 955; Nutt v. Knut, 200 U.S. 12, 26 S.Ct. 216, 50 L.Ed. 348; Calhoun v. Massie, 253 U.S. 170, 40 S. Ct. 474, 64 L.Ed. 843; Wright v. Tebbitts, 91 U.S. 252, 23 L.Ed. 320; Nesbit v. Frederick Snare Corp., 68 App.D.C. 263, 96 F.2d 535, certiorari denied 59 S. Ct. 67, 83 L.Ed. ——.

[9] Gesellschaft Fur Drahtlose Telegraphie M. B. H. v. Brown, 64 App.D.C. 357, 362, 78 F.2d 410, 415, certiorari denied 296 U.S. 618, 56 S.Ct. 139, 80 L.Ed. 439. See Steele v. Drummond, 275 U.S. 199, 205, 48 S.Ct. 53, 54, 72 L.Ed. 238: "It is only because of the dominant public interest that one, who has had the benefit of performance by the other party, is permitted to avoid his own obligation on the plea that the agreement is illegal." See also, Twin City Pipe Line Co. v. Harding Glass Co., 283 U.S. 353, 356-357, 51 S.Ct. 476, 75 L.Ed. 1112, 83 A.L. R. 1168.

[10] Gesellschaft Fur Drahtlose Telegraphie M. B. H. v. Brown, 64 App.D.C. 357, 362, 78 F.2d 410, 415, certiorari denied 296 U.S. 618, 56 S.Ct. 139, 80 L. Ed. 439: "Nor are we impressed with the suggestion that inasmuch as defendant availed itself of the right under the contract to terminate this employment and to pay 'a fair and reasonable fee' for the services rendered to the date of termination, that the action here may be upheld, since it is in the nature of a suit in quantum meruit to recover reasonable and fair compensation for the services rendered. The difficulty with this contention is that the determination of the compensation, if any, defendant is entitled to, depends upon the services rendered, and this at once leads to the terms and conditions of the contract which, if void, prohibits the recovery of any compensation under it."

[11] See Trist v. Child, 21 Wall. 441, 22 L.Ed. 623; McMullen v. Hoffman, 174

U.S. 639, 654, 19 S.Ct. 839, 43 L.Ed. 1117; Meguire v. Corwine, 101 U.S. 108, 25 L.Ed. 899; Owens v. Wilkinson, 20 App.D.C. 51, certiorari denied 187 U.S. 646, 23 S.Ct. 845, 47 L.Ed. 347; Merlaud v. National Metropolitan Bank, 65 App. D.C. 385, 84 F.2d 238, certiorari denied 299 U.S. 584, 57 S.Ct. 109, 81 L.Ed. 430; 6 Williston, Contracts (Williston and Thompson's ed. 1938) § 1786A.