**MERIT SUPPLY CO., Inc., v. LAWSON MFG. CO.**
No. 2283.

District Court, W. D. Pennsylvania.
March 10, 1943.

Weil, Christy & Weil, of Pittsburgh, Pa., for plaintiff.

Kountz & Fry, of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This action is based on an alleged contract between plaintiff and defendant, partly oral and partly written, made during the months of April and May, 1941, whereby plaintiff agreed to act as defendant's sole manufacturer's representative on Government ordnance work, between May 15, 1941, and May 15, 1943, except with respect to defendant's regular line of heaters, and except with respect to such orders as defendant received from the Ordnance Department of the United States Army in Pittsburgh, Pennsylvania; for which defendant agreed to pay plaintiff five per cent of the amount of any such contract or contracts awarded to defendant by the Government.

Plaintiff alleges it has at all times complied with said contract and avers its willingness to continue so to do. The plaintiff further avers that defendant has failed and refused, since October 1941, to make any payments to plaintiff, although compensation is justly due plaintiff from defendant. That among the services which plaintiff alleges to have rendered defendant under this alleged contract, the complaint lists the following: "Plaintiff's sending at plaintiff's own cost and expense a representative to defendant's plant to survey defendant's premises, equipment and facilities; plaintiff's analyzing from engineering and other standpoints, at plaintiff's own cost and expense, the suitability of defendant's particular set-up for various Government needs and requirements; plaintiff's investigating, at plaintiff's own cost and expense, certain other firms throughout various parts of the country, which firms possessed equipment and facilities somewhat similar to those of defendant, with a view to determining what such firms were manufacturing for the Government so that plaintiff might better assist defendant to determine its productive capacity and abilities along similar lines; plaintiff's conferring with defendant to disclose to defendant the results of plaintiff's aforesaid efforts in defendant's behalf and conferring with and advising defendant toward determining what items defendant might manufacture and at what price it might sell so as to successfully compete

with other firms in filling those Government needs for which defendant was most qualified."

Plaintiff alleges that it is unable to set forth the orders or awards of contracts received by defendant from the Government, because they are not known to plaintiff, but are within the sole knowledge of defendant, which has refused to advise plaintiff in regard to them.

However, plaintiff is informed and believes that defendant was awarded a Government Air Corps contract on or about September 1941, on which plaintiff is entitled to a commission under the terms of the alleged contract between plaintiff and defendant.

The plaintiff prays for an accounting and judgment for such sums as may be found to be due it by the terms of the alleged agreement.

The defendant has moved to dismiss the complaint under Rule 12 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and if that motion be denied, for a bill of particulars.

We will consider first defendant's motion to dismiss for failure to state a cause of action on which relief may be granted, because it is based on an alleged contract which is void inasmuch as it is contrary to public policy, since it tends to a sale of personal influence without notice to public officers of the contingent interest of the interceding party. Defendant cites in support of its contention: In re Crooks' Estate, 316 Pa. 285, 175 A. 410; Bruno v. Cara, 116 Pa.Super. 544, 176 A. 863; Gesellschaft v. Brown, 64 App.D.C. 357, 78 F.2d 410; Brown v. Gesellschaft, 70 App. D.C. 94, 104 F.2d 227; Hazelton v. Scheckells, 202 U.S. 71, 26 S.Ct. 567, 50 L.Ed. 939, 6 Ann.Cas. 216; Crocker v. United States, 240 U.S. 74, 75, 36 S.Ct. 245, 60 L.Ed. 533; Tool Co. v. Norris, 2 Wall 45, 69 U.S. 45, 17 L.Ed. 868.

We cannot see that these cases support defendant's contention in the instant case, in view of the fact that the complaint shows only that such services as the plaintiff did perform related to services rendered directly to defendant, and did not involve contact of plaintiff with any Government official. See par. 7 of the Complaint. However, the complaint does show, in the allegations of the 6th paragraph, that it was agreed that plaintiff would be defendant's sole representative for all Government work handled by defendant between May 15, 1941, and May 15, 1943. This might very well imply that plaintiff was to contact Government officials in relation to award of Government contracts to defendant.

It is our view that we should not immediately pass on this motion to dismiss, pending the filing of a bill of particulars by plaintiff, hereinafter ordered to be filed on defendant's motion therefor. When this bill of particulars is filed by plaintiff, the defendant's motion to dismiss may be set down for a further hearing.

Now, as to defendant's motion for a bill of particulars, we are of the opinion that this motion should be granted as to the following matters:

(1) The complaint alleges that the contract is partly in writing, and partly oral. Copies of the writings on which plaintiff relies for the written part of the alleged contract should be furnished, and, if not specified in these writings, the particular services which plaintiff was to perform for defendant as its "sole representative for all Government work between May 15, 1941, and May 15, 1943," should be specified.

(2) Specify whether or not paragraph 7 of the complaint includes all the services which plaintiff claims to have performed under the contract up to the date in October, 1941, when it is alleged defendant failed and refused to comply therewith. If it does not, then particularly specify what other services plaintiff claims to have performed under the contract.

(3) Particularly specify whether or not plaintiff, or any of its officers or employees, contacted any Government official or employee in regard to the award of any contract or contracts by the Government to defendant. If so, state who made that contact; and with what Government official or employee that contact was made; and what was said with reference to the award of any Government contract or contracts to defendant.

An order for a bill of particulars in accordance with this opinion may be submitted by counsel for defendant on notice to opposing counsel.