Jacob Markowitz, J.
This motion by plaintiff, for judgment on the pleadings, presents for determination the question whether an act of Congress which states that “ no part of the amount appropriated in this Act shall be paid or delivered to or received by any agent or attorney on account of services rendered in connection with this claim ’ ’ prohibits plaintiff from receiving payment for his legal services out of funds of defendant other than the proceeds of the claim. (68 U. S. Stat. A160; Private Law 656, ch. 720.) Since payment of the claim is dependent upon Congressional action, which cannot be compelled, Congress may impose any limitation it sees fit (Capital Trust Co. v. Calhoun, 250 U. S. 208, 218-219; Calhoun v. Massie, 253 U. S. 170, 176). The limitation is applicable regardless of whether recovery is sought from the proceeds of the claim or from other assets of the claimant (Sutherland v. New York & Baltimore Transp. Lines, 43 F. Supp. 94, affd. on opinion below, 125 F. 2d 551 [C. C. A. 2d Cir., 1942]). In the Sutherland case, Judge Knox held that the Congressional limitation “ should apply regardless of the sources from which such compensation may happen to come ”. The Circuit Court of Appeals (Swan, A. Hand and Frank, JJ.) affirmed upon the opinion below. This decision of a high Federal court relating to the interpretation of a Federal act, is entitled to very great weight. The attempt of plaintiff, in the case at bar, to distinguish Calhoun v. Massie (supra) on the ground that the statute there involved contained the words ‘ ‘ in the aggregate ” must fail, in view of the fact that the brief of the appellant in the Circuit Court of Appeals, in the Sutherland case (supra) attempted unsuccessfully to make the same distinction.
The fact that the Capital Trust Co. case, the Massie case, and the Sutherland case (supra) all involved a limitation of attorneys’ fees to a specified percentage, whereas the statute in the instant case bars any recovery is immaterial as a basis of distinction. If Congress had the right to limit attorneys’ fees, it had the right to proscribe any payment whatever.
*424 The contention of plaintiff that a distinction must be drawn between “ favor ” legislation and “ debt ” legislation is inapplicable to a case where the legislation, as here, bars a recovery for attorneys ’ services. The distinction has been drawn in cases where the question of the validity of a contingent fee depended on other considerations (Brown v. Gesselschaft, 104 F. 2d 227) and where no such bar as exists here was contained in the statute.
Although the result of denying plaintiff any recovery for his services may seem harsh, it was undeniably within the power of Congress to impose such a condition in enacting a statute which it was not obliged to adopt. The question of whether it intended this result seems to have been settled unfavorably to the plaintiff in the Sutherland case, previously discussed, which this court is constrained to follow.
The motion is granted to the extent of awarding judgment on the pleadings to defendant (see Buies Civ. Prac., rule 112).