INHABITANTS OF BUCKSPORT *versus* INHABITANTS OF
ROCKLAND.

The marriage of a minor daughter with her father's consent constitutes one mode of emancipation.

From what circumstances such consent may be implied.

ON REPORT.

ASSUMPSIT for pauper supplies.

CUTTING, J. — It is admitted that John Salter, the husband of Martha E., the pauper, never had a legal settlement

in this State, and that the father of the pauper, at the time of his daughter's marriage, had his settlement in the defendant town, which was transferred to the plaintiff town before the supplies were furnished, — that the pauper was married at the age of sixteen, and the only question presented is whether she was emancipated so as not to follow the settlement of her father.

It is contended that a minor cannot be emancipated even by marriage without the consent of the father either express or implied, and the case of *White* v. *Henry & al.*, 24 Maine, 531, is relied upon, where it was held that a minor son is not emancipated by a marriage without the consent and contrary to the directions of his father.

That case differs materially from the one now under consideration; there the marriage was consummated out of the State, here within the State, and within the vicinity of the parent, and it may fairly be presumed that the statute of the State was complied with, requiring the publication of the intentions of marriage a specified time before such intentions could be solemnized. During that period the parent could object if he had cause, and the proceeding be arrested. But here, for aught that appears, no objection was made, or ever has been made by the parent. Nor is that all. The pauper and her husband, for the year after the marriage, lived in the house of her father, as the evidence tends to show, where they were married. The father, too, speaks of the marriage without disapproval. Hence, an implied consent is clearly manifest, which, by all the authorities under the circumstances would constitute emancipation. Consequently, according to the agreement of the parties the defendants are to be defaulted, and damages assessed for the sum of $44,62, with interest from the date of the writ.

APPLETON, C. J., KENT, DICKERSON and BARROWS, JJ., concurred.

*T. C. Woodman,* for the plaintiffs.

*L. W. Howes,* for the defendants.