# WARNER v. GRAYSON.

# TALBOTT v. GRAYSON.

APPELLATE PRACTICE; DECISION ON FORMER APPEAL.

1. A decision of this court becomes the settled law of the case, not only for the trial court, but for this court also, and cannot be varied or examined by the lower court for any other purpose than execution.

2. A decree of the lower court entered upon a mandate of this court examined, and *held* not to be in opposition to, nor in excess of, such mandate.

Nos. 1404 and 1405. Submitted May 6, 1904. Decided May 24, 1904.

HEARING on an appeal from a decree of the Supreme Court of the District of Columbia in a suit in equity. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. B. W. Parker, Mr. C. C. Cole,* and *Mr. R. Golden Donaldson* for appellants Warner *et al.* (No. 1404).

*Mr. John Ridout, Mr. J. J. Darlington,* and *Mr. C. F. Carusi* for appellees.

*Mr. John Ridout* and *Mr. C. F. Carusi* for appellants Talbott *et al.* (No. 1405).

*Mr. J. J. Darlington* for the appellees.

Mr. Justice SHEPARD delivered the opinion of the Court:

These are separate appeals from the same final decree. All of the parties with their several interests were before the court on a former appeal in the common cause, and these appeals have

been prosecuted from the final decree entered therein on the mandate of this court. See *Wood* v. *Grayson,* 22 App. D. C. 432.

On that appeal it was determined that, as regards the trust deed under which Warner and others, appellants in No. 1404, claimed, there was no lien upon the strip of land used in connection with the building, and, therefore, so much of the decree as recognized any right thereunder in them was declared erroneous. As regards the trust deed under which Grayson and others, appellees in No. 1405, as well as in No. 1404, claimed, the opinion recites that the same conveying the building and lot "carried as a *de facto* appurtenance thereto an easement in the 10-foot strip of land along and adjoining the south and west walls of said buildings, to admit light and air to the doors and windows in said walls, and the free use and enjoyment of the porches along said walls as part of the building." The decree having been reversed, the cause was remanded that the same might "be modified and be made to conform to the foregoing opinion of this court."

Upon receipt of the mandate, the appellants, Talbott and others, contended that the easement ordered to be sold should be limited to the very language of the opinion as heretofore quoted, namely, to the admission of light and air to the doors and windows in the south and west walls, and to the free use and enjoyment of the porches along said walls as part of the building. Grayson and others, asking to have the description of the easement made more precise in the final decree, submitted a stipulation signed by the opposing parties with reservation of objections to competency, showing the following facts:

"1. The areaways on the west and south sides mentioned by the witness William J. McClure consist of excavations from the surface of the ground downwards, projecting into the cement walk, and protected by wooden platforms, on grade with and forming part of the said walk, and provided with interstices or openings admitting light to the windows below.

"2. On the south side of the building there is one doorway or entrance, and, on the west side, four doorways or entrances,

opening out upon the said cement walk, and not otherwise accessible from the exterior of said building.

"3. On the said west wall, projecting out upon the said cement walk, there are three garbage chutes, for collection of garbage from the building, and two openings into the cellar, through which the coal supply of the building is received, the said garbage chutes and coal cellars being accessible from the exterior only by means of the said cement walk."

It is not denied that all of the foregoing facts are founded upon the allegations of the bill and answers.

The court concluding that "the approaches to the entrances along the said sides of the Victoria Flats building, and the approaches to the entrances along the said sides of said building referred to in the pleading as a cement walk along the south and west sides thereof," were part of the easement subject to the deed of trust securing Grayson and others, included them in the final decree establishing said lien and ordering sale thereunder.

1. So much of the decree entered by the trial court as denies the extension of the lien of the trust deed of Warner and Wine (appellants in No. 1404), to the easement in the "10-foot strip," is in direct accordance with the mandate directed to it. The question was directly involved in the record before this court, and was expressly decided. Its decree could not be varied or examined for any other purpose than execution. *Re Sanford Fork & Tool Co.* 160 U. S. 247, 255, 40 L. ed. 414, 416, 16 Sup. Ct. Rep. 291; *Re Potts,* 166 U. S. 263, 41 L. ed. 994, 17 Sup. Ct. Rep. 520.

This is conceded by the appellants, but they claim the right to appeal and reopen the question in this court. Their appeal is, in substance, nothing more than a belated petition for rehearing, and cannot be entertained. The former decision has become the settled law of the case, not only for the trial court, but for this court also. *Thompson* v. *Maxwell Land Grant R. Co.* 168 U. S. 451, 456, 42 L. ed. 539, 541, 18 Sup. Ct. Rep. 121; *Holcomb* v. *Dearing,* 8 App. D. C. 298, 301.

2. The question whether so much of the decree as has been appealed from by Talbott and Wood (No. 1405) is in excess

of the power committed to the court below, remains to be considered in the light of the rules above stated.    Bearing those rules in mind, and with no disposition to trench upon the salutary strictness of their operation, we are of opinion that this decree is neither in opposition to, nor in excess of, the mandate.

It is quite true that, in describing the effect of the conveyance of the deed of trust, the language of the opinion states the easement, as quoted in the preliminary statement.    But it does not follow that the intention was to exclude from its comprehension other minor elements connected therewith and important to the enjoyment of the Victoria Flats building.    The opinion states that the answers of Wood and Talbott admit, not only the encroachment of the building upon the strip and the projection of the porches over the same for 5 feet, but also "that the areaways along the walls of the building on the south and west sides thereof, as alleged by the bill and not denied in the answers, extend over and encroach upon the ground," etc., "to the extent of several feet."    In the concluding portion of the opinion, which outlines the manner in which the property may be sold, either in its entirety or in parcels, and the proceeds distributed, it is said: "The parcel comprising the Victoria Flats, together with the easement over the 10-foot strip of ground adjoining on the south and west sides of the flats building, will be sold as one parcel," etc.

The admissions of the answers clearly covered the areaways and approaches, and their incidental uses, as well as the projecting porches, and the walls and windows in the same.    The lien, therefore, that embraced the one necessarily embraced the others, and it is clear that the court, in referring to the easement to be sold, must have had them all in contemplation.

The enjoyment of light and air through the windows of a large apartment house and the use of projecting porches being the important items of the easement, it followed that they were chiefly in mind on the hearing, and were, consequently, given prominence in the opinion without intention to except the other and minor elements of the general easement.    The opinion did not undertake to enter into the specific details of the decree

directed to be entered, but merely gave its general outlines; and, knowing what was in mind, we are of opinion that those limitations were not exceeded by the learned justice who passed the final decree.

It follows from what has been said that the decree on each appeal will be affirmed with costs. And it is so ordered.

*Affirmed.*

An appeal to the Supreme Court of the United States was prayed by the appellants, and allowed June 7, 1904.