## ALEX STEINERT v. OCTIA STEINERT.

### Springfield Court of Appeals, May 10, 1923.

1. **DIVORCE: Alimony Held not Inadequate.** Award of alimony to wife obtaining divorce of only $400 in gross and $100 attorney's fee *held* warranted, in view of divorced husband's financial condition and in view of the fact that appellant wife still retained her dower by reason of Revised Statutes 1919, section 327.

2. ————: **Trial Court's Allowance of Alimony Sustained on Appeal in Absence of Arbitrary Ruling.** The allowance of permanent alimony is a matter of sound discretion in view of all the circumstances in the case, and it is the duty of the appellate court to respect the findings of the trial court unless it clearly appears that there has been an arbitrary ruling made.

Appeal from the Circuit Court of Stone County.—*Hon. Fred Stewart, Judge.*

AFFIRMED.

*Moore, Barrett & Moore* for appellant.

*G. W. Thornberry* and *Rufe Scott* for respondent.

FARRINGTON, J.—This is a divorce proceeding begun by the plaintiff, Alex C. Steinert, seeking a di-

215 Mo. App.—22

vorce from his wife, Octia Steinert. She filed a cross-bill and after the evidence was in the court found that the defendant, Octia Steinert, was the innocent and injured party and entitled to a divorce. A judgment on this finding was entered, from which part of the judgment there is no appeal. After hearing the testimony as to the property owned by the two parties, the court made an order allowing the defendant, appellant here, the sum of $400 alimony in gross and made an allowance of $100 attorney's fee. It is from this finding and judg·ment of the court that the defendant appeals, charging that the amount allowed was inadequate under the testimony, and asks that this court increase the amount allowed below.

We have gone through the record carefully and from all the testimony we find it impossible to determine just what property, over and above indebtedness, the respondant has. It is shown that he is the father of six children by a former wife and one child by the appel·lant. Four of these children are minors and are, of course, dependent upon the respondent for maintenance. Both of these parties had reached a mature age when they entered into this marriage agreement, both having been married before and both having children. From the record, we take it that much of the trouble which came up between the parties arose out of jealousies of their children.

It is shown in part of the testimony that respondent sold a larger part of the best farm he owned for $6000 several years ago, but it is not shown that he has this money now, and he testified that he had lost considerable money as a farmer and stock man in the last few years and that he still owes some creditors.

The trial court was in much better position to fix the proper amount of alimony in this case. It necessarily kept in mind the obligation of the father to respond to the wants of the minor children. It also evidently bore in mind the moral claim which the respondent's children who had reached majority had to some of

his property, as all that he had was shown to have been accumulated during his first marriage. The trial court also had in mind the fact that when the divorce was given appellant she still retained her dower by reason of said marriage under section 327, Revised Statutes 1919.

A long line of decisions in this State, which it is unnecessary to cite, lay down the rule that the allowance of permanent alimony is a matter of sound discretion in view of all the circumstances in the case, and that it is the duty of the appellate court to respect the findings of the trial court and uphold the same unless it clearly appears that there has been an arbitrary ruling made. We are unwilling to say that there has been any abuse of discretion whatever practiced in this case by the trial judge, and therefore, the judgment is affirmed. *Cox, P. J.*, and *Bradley, J.*, concur.