### No. 3397
### Second Circuit

## BONNETTE v. FLOURNOY

(January 12, 1929.   Opinion and Decree.)

Bordelon and Norman, of Marksville, attorneys for plaintiff, appellee.

J. C. Cappel, of Alexandria, attorney for defendant, appellant.

## STATEMENT OF THE CASE.

REYNOLDS, J. Plaintiff, Simon Bonnette, for and on behalf of his minor daughter, Louise Bonnette, sued defendant, Dave Flournoy, for judgment for $8,000.00, for injuries received by her in an accident alleged to have been caused by defendant's negligence.

Defendant excepted that the petition incorrectly spelled plaintiff's name "Bonette", whereupon, by amended petition, service of which was accepted by defendant, it was corrected to "Bonnette", and the exception overruled.

There upon defendant answered, denying negligence and alleging that the accident and injury to plaintiff's daughter was caused solely by negligent driving of the automobile in which she was riding by its operator.

Pendente lite plaintiff's daughter was married, and she applied for and was granted authority by the court to be substituted as plaintiff instead of her father and to continue the prosecution of the suit.

On these issues the case was tried and there was judgment in favor of the plaintiff and against the defendant for $1500.00. and defendant appealed.

## OPINION.

### ON THE EXCEPTION.

Defendant insists that his exception to the petition on the ground that plaintiff's name was incorrectly spelled should have been sustained. The incorrect spelling "Bonette" and the correct spelling "Bonnette" were idem sonans and an error that

could have been corrected as it was immediately without prejudice to defendant. There was no error in overruling defendant's exception.

## ON THE RIGHT OF PLAINTIFF'S DAUGHTER, ON BECOMING MARRIED, TO BE SUBSTITUTED AS PLAINTIFF AND PROSECUTE THE SUIT.

At the time the suit was filed plaintiff's daughter was a minor and unmarried. Pendente lite she was married. The marriage emancipated her (Civil Code, Article 379), and she at once became qualified and entitled to prosecute the suit to conclusion without the aid of her father (Turner vs. Standard Oil Co., 1 La. App. 665). On application to the court she was substituted as plaintiff instead of her father. Defendant complains of this order. We find no error in the ruling.

### ON THE MERITS.

Plaintiff, Louise Bonnette, was riding in an automobile, being driven on a public highway by Louis Baillio, and approached an automobile ahead, being driven in the same direction, by defendant Dave Flournoy. Desiring to pass defendant, Baillio gave the usual signal and it was acknowledged by defendant who drove his car to his right and left space for Baillio's car to pass to defendant's left. Thereupon Baillio accelerated the speed of his car and when it was about to pass defendant's car defendant swerved his car to the left, for the purpose of entering a private road on the left and leading from the public road, thereby putting it immediately in front of Baillio's car and rendering collision between the two cars unavoidable if Baillio's car continued to move straight forward. Thereupon Baillio, in order to avoid a collision, was constrained to drive his car off of the road and into the side ditch and thereby plaintiff Louise Bonnette was seriously injured. When defendant turned his car to the left and attempted to drive into the private road he did so unexpectedly to Baillio and without any warning of his purpose.

We think this act on the part of defendant was negligence and the proximate cause of the accident and injury. Our learned brother of the District Court also so thought and held and his conclusion was correct.

Our learned brother of the District Court after carefully considering the amount and value of the medical expense plaintiff was put to in consequence of her injuries and the amount of pain and suffering she endured and the fact that by reason of an injury to the ankle of her left foot she will limp permanently awarded her $1500.00 damages. The authorities cited by him in support of the award convince us that the amount is not inconsistent with the awards in similar cases.

We find no error in the judgment appealed from and consequently it is affirmed.