## DAVIS v. DAVIS.

No. 5262.

Court of Appeals of District of Columbia.

Argued Jan. 5, 1932.

Decided Feb. 23, 1932.

Wilton J. Lambert, R. H. Yeatman, and George D. Horning, Jr., all of Washington, D. C., for appellant.

Crandal Mackey, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This is an appeal from an order of the lower court denying appellant's petition for a modification of a prior order of the same court respecting alimony and the custody of an infant child, in a divorce case wherein appellant was plaintiff and appellee defendant.

On March 10, 1925, Mark O. Davis and Maud E. Davis were husband and wife and were domiciled in the District of Columbia. There were two living children of their marriage, a son, Mark O. Davis, Jr., then aged 12 years, and a daughter, Susanne, then aged 8 years. On that day the husband as plaintiff filed a bill of complaint against his wife in the Supreme Court of the District of Columbia, praying for a divorce a mensa et thoro from her upon allegations of extreme cruelty. The wife, having been duly summoned, filed an answer and cross-bill in the case, denying the charges made against her by her husband, charging him with extreme cruelty and with adultery, and praying for a divorce a vinculo from him and for alimony and the custody of the children. These charges were denied by answer of the husband.

On October 29, 1925, the lower court upon evidence dismissed the cross-bill of the wife, granted the husband a divorce a mensa et thoro, awarded to the husband the custody of the minor son and to the wife the custody of the minor daughter, and ordered the husband to pay the tuition charges for the daughter, and "pay to the defendant the sum of $300.00 per month for the maintenance of herself and their said daughter, Susanne."

After the lapse of about four years, to wit, on December 30, 1929, appellant filed a petition in the same case, alleging that subsequent to the entry of the decree therein he had become an actual bona fide resident of the state of Virginia, and that in a suit filed by him against his wife in the circuit court of Arlington county in that state, he had by lawful proceedings been awarded a decree granting him a divorce a vinculo matrimonii from her, and that the court in the same decree had awarded to appellee the custody of the minor daughter, Susanne, subject to the right of appellant to have her custody during August of each year, and that appellant was ordered therein to pay to appellee the sum of $150 per month for the education, support, and maintenance of Susanne during the 11 months of each year that she is in the custody of appellee.

Appellant prayed the lower court to set aside its order of October 29, 1925, or so modify the same as not to require appellant to pay any sum whatsoever to the appellee for her maintenance, but to provide solely for the payment of a reasonable sum for the maintenance and support of his daughter Susanne, and to reform the order so as to make the provisions thereof conform to those of the final decree of the circuit court of Arlington county, Va., above referred to.

It may be noted that after the entry of the decree in the lower court the appellee, with her infant daughter, Susanne, has continued to reside in the District of Columbia, and that in the Virginia case she appeared specially for the sole purpose of denying the jurisdiction of the court upon the ground that the plaintiff was not a bona fide resident of the state of Virginia, but was still a resident of the District of Columbia, and had fraudulently simulated a residence in Virginia for the sole purpose of bringing the divorce case in the courts of that state.

On May 12, 1930, the foregoing petition was heard by the lower court. No evidence was introduced by either party, and the court denied the prayer of the petition. This appeal was then taken.

The appellant's prayer is rested solely upon the decree entered by the Virginia court. He does not allege that the circum-

stances of the parties have changed in any other respect since the passing of the original order in question. In our opinion this prayer was rightly denied.

■■ Chapter 22 of the Code of Laws for the District of Columbia (D. C. Code 1929, T. 14, §§ 72, 73) contains the following sections:

"Sec. 977. If the divorce is granted on the application of the husband, the court may, nevertheless, require him to pay alimony to the wife, if it shall seem just and proper."

"Sec. 978. After a decree of divorce in any case granting alimony and providing for the care and custody of children, the case shall still be considered open for any future orders in those respects."

Therefore, according to the statutes of the District of Columbia, the lower court, after passing the decree of divorce in the case, retained jurisdiction of the parties and the cause with authority to enter further and additional orders therein respecting the alimony of the wife and the care and custody of the minor daughter. The court accordingly was invested with authority to continue and enforce its orders already entered in these respects. The removal of appellant's residence to the state of Virginia, even if lawfully accomplished, cannot invest the courts of that state with authority to annul or supersede such jurisdiction.

■ Moreover, "it is a familiar principle that, when a court of competent jurisdiction acquires jurisdiction of the subject-matter of a case, its authority continues, subject only to appellate authority, until the matter is finally and completely disposed of; and no court of coordinate authority is at liberty to interfere with its action." 7 R. C. L. p. 1067. This principle is made particularly applicable to the instant case by force of the statutes above quoted.

"In order to avoid conflict between tribunals of co-equal authority, the rule has been formulated, and so far as we know universally respected, that the court first acquiring jurisdiction shall be allowed to pursue it to the end, and that it will not permit its jurisdiction to be impaired or subverted by a subsequent resort to some other tribunal." 29 Am. St. Rep. 310.

The order of the lower court denying appellant's petition for a modification or rescission of its prior order is therefore affirmed, with costs.