### JACKSON v. JACKSON.
### No. 5850.

Court of Appeals of the District of Columbia.
Argued Oct. 6, 1933.

Decided Nov. 20, 1933.
Rehearing Denied Dec. 11, 1933.

Etta L. Taggart, of Washington, D. C., for appellant.

Harry F. Kennedy, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

It appears from the record that on August 17, 1928, Elton H. Jackson, as plaintiff below, was granted an absolute divorce from his wife, Laura B. Jackson, upon the ground of adultery. The court in the same decree required the husband to pay permanent alimony to the wife in the sum of $20 per month, payable on the 1st day of each month. On November 17, 1928, the plaintiff was married to a second wife.

Afterwards, to wit, in the month of November, 1931, the plaintiff filed a motion and petition in the lower court praying for a reduction of the amount of the alimony granted to his first wife in and by the foregoing order. In the same month, an answer to this motion and petition was filed by the divorced wife. This motion and petition of the plaintiff were heard by the lower court on December 3, 1931, and were overruled.

On July 23, 1932, a motion was filed by the plaintiff praying the court to vacate its order of August 17, 1928, whereby alimony was allowed to the defendant. This motion was heard on September 1, 1932, by the lower court, and was denied. Whereupon an appeal was taken wherein it was alleged that the court had abused its discretion in so ruling.

The record in the case discloses a pitiful narrative of the condition of both the plaintiff and the divorced wife as to ill health, impoverished circumstances, loss of property, reduced income, and increasing age, with its accompanying feebleness. We need not review this narrative in detail, for we find it sufficient to state that the issue was addressed to the discretion of the lower court, and no abuse of discretion upon the part of the court is made manifest by the record. Its decision therefore should be, and is, affirmed.

Justice HITZ took no part in the decision of this case.