THE STATE, EX REL. BENNETT, *v.* INDUSTRIAL COMMISSION OF OHIO.

(Decided January 7, 1935.)

*Messrs. Shook, Davies, Hoover & Beall,* for relator.
*Mr. John W. Bricker,* attorney general, *Mr. R. R. Zurmehly* and *Mr. Raymond J. Kunkel,* for respondent.

HAMILTON, P. J. The relator, William Bennett, filed an original action in this court seeking a writ of mandamus against the Industrial Commission of Ohio.

After the petition was filed summons was issued upon the Industrial Commission of Ohio by serving the district manager. This service is challenged by the Industrial Commission by the following motion:

"Now comes the Industrial Commission of Ohio, appearing solely for the purposes of this motion and without entering its appearance herein, and moves this Court to quash the service of summons heretofore had and to dismiss this cause for the reason that the same is not properly brought in this county, and for the further reason that this Court does not have jurisdiction of the subject-matter."

It will be noted that the motion assigns two reasons for quashing the service of summons, the first, that the action is not properly brought in Hamilton county, and, the second, that this court does not have jurisdiction of the subject-matter.

The motion to quash the service of summons will be overruled. It is established that an objection to the jurisdiction of the court of the subject-matter, or a motion to dismiss a suit or proceeding upon any other grounds than the court's jurisdiction over the person, operates as a general entry of appearance. *Handy* v. *Insurance Co.,* 37 Ohio St., 366; *Smith* v. *Hoover,* 39 Ohio St., 249, 257; *Elliott* v. *Lawhead,* 43 Ohio St., 171, 1 N. E., 577; *Klein* v. *Lust,* 110 Ohio St., 197, 143 N. E., 527.

The commission, therefore, having by the motion entered its appearance in the case, the motion will be overruled.

*Motion overruled.*

Ross, J., concurs.

(Decided May 6, 1935.)

*Messrs. Shook, Davies, Hoover & Beall,* for relator.
*Mr. John W. Bricker,* attorney general, *Mr. R. R. Zurmehly* and *Mr. Stewart S. Cooper,* for respondent.

Ross, P. J. This is an original action in this court based upon a petition in mandamus to compel the Industrial Commission to act upon an application for rehearing of an application for modification of an award under a claim for industrial compensation to be awarded William Bennett, the relator.

A motion to quash service of summons was previously overruled by this court on the ground that the respondent, the Industrial Commission of Ohio, had entered its appearance, having based its motion to quash upon the contention that this court had no jurisdiction of the subject-matter of the action. The court, therefore, having obtained jurisdiction of the persons of the commission, the jurisdiction given by the Constitution of the state of Ohio in mandamus applies to this as well as to any other case in mandamus.

The petition recites that the relator, William Bennett, was injured on May 24, 1931, during his employment by The Gulf Refining Company, that he continued to report for duty and to receive his salary until June 28, 1931, when with other employees he was discharged for the reason that the construction work in which they were engaged was completed; that his

disability continued after his discharge; that he there-after made application for compensation, and that on the 10th day of November, 1931, passing upon his said application, the defendant commission made a finding that relator's disability subsequent to June 28, 1931, was not the result of the injury received on May 24, 1931. Notice of said finding was mailed by the commission from Columbus to relator's residence at Vevay, Indiana, on November 17, 1931, being received at the latter place upon some subsequent date.

It is further alleged that the relator "upon direction of .the commission" was before a branch manager of the commission at its Cincinnati branch office for the purpose of holding an oral hearing thereon, that continuances were had and further hearings held through January, 1932, "that the holding of said hearing by the defendant Commission and its conduct of his claim led him to believe that its decision of November 10, 1931, had been rescinded and was not final and that no other action on his behalf would be necessary in order to keep his claim alive," that the manager of the Cincinnati branch of the commission under date of January 25, 1932, recommended to the commission that further action on the claim be suspended, which suggestion was followed by the commission, no further action having been taken.

The relator further alleges that in May, 1932, as a result of the injury, he was confined in the hospital for 31 days, that he filed with the commission an application for modification of the award, that such application was dismissed by the commission October 10, 1932, that on October 26, 1932, relator filed an application for rehearing, which was dismissed on April 3, 1933, upon the ground that it was not filed within 30 days from November 17, 1931; that relator thereafter filed an application for reconsideration of the decision of the commission upon his application for rehearing, and that this was dismissed August 6, 1934.

Relator further alleges that at the time of the application for modification of the award, new and changed conditions had arisen affecting his claim for compensation, that the dismissal of such application was upon a jurisdictional ground and that the commission is bound to grant a rehearing upon his application for modification of the award filed October 26, 1932.

The answer of the respondent in its first defense admits that the relator received an injury May 24, 1931, in the course of his employment with The Gulf Refining Company; that on November 10, 1931, such claim was allowed and payments made; that the commission on November 10, 1931, specifically found that that disability, subsequent to June 28, 1931, was not the result of his injury received May 24, 1931; that relator on May 4, 1932, filed an application for modification of award, which application was dismissed October 6, 1932, and that on October 26, 1932, relator filed an application for a rehearing which was dismissed April 3, 1933. As to all other matters alleged, the first defense was a general denial.

As a second defense the respondent alleges that the commission in passing upon an application for compensation filed July 10, 1931, took the following action:

"Submitted upon statement of facts by Mr. Schumaker—recommend that the claim be allowed and the medical bills paid as approved; that the Commission find from proof of record that the claimant's disability subsequent to June 28, 1931, was not the result of his injury received on May 24, 1931."

Respondent further alleges that the notice of such action was communicated to relator, that no further action was taken by relator for thirty days, that May 4, 1932, relator filed an application for a modification of award, which was dismissed October 6, 1932, for the reason that the condition of relator subsequent to June 28, 1931, was found not to be due to the injury of May 24, 1931. The relator was again notified of the

action of the commission by mail, and on October 26, 1932, relator filed an application for rehearing, and thereafter, on April 3, 1933, such application for rehearing was dismissed for the reason that it was not filed within 30 days from the time the commission had divested itself of jurisdiction.

Respondent further alleges that relator took no further action in the matter until April 25, 1934, when he filed another action for reconsideration, which was dismissed August 6, 1934.

Taking the allegations of the petition as proved, we consider this case fully covered by the case of *State, ex rel. Randolph,* v. *Industrial Commission,* 128 Ohio St., 27, 190 N. E., 217, the syllabus of which is as follows:

"Under the provisions of Section 1465-90, General Code, a claimant for compensation, upon filing application therefor within the period fixed therein, is entitled to a rehearing of his claim if denial of his right to receive compensation or to continue to receive compensation was based upon the ground that the commission did not have jurisdiction of the claim.

"A claimant, having failed to file such application within the prescribed period, cannot by subsequently filing an application for modification of award revest himself with the right lost by failure to comply with the requirement of the statute."

We quote from the opinion at pages 30 and 31:

"The relator seeks to compel a rehearing of his claim. Under the provisions of Section 1465-90, General Code, the claimant must be accorded a rehearing when the commission bases its denial of the right of claimant to receive compensation, or to continue to receive compensation, upon the finding that the commission has no jurisdiction of the claim. If it be found by the commission that the disability originally manifested, or the disability subsequently developed, was not the result of the injury sustained, and compensa-

tion is disallowed or its continuance denied for such reason, a rehearing must be allowed. *Industrial Commission* v. *Phillips,* 114 Ohio St., 607, 151 N. E., 769; *State, ex rel. Cezkovsky,* v. *Industrial Commission,* 126 Ohio St., 434, 185 N. E., 807. Hence, if the denial of further compensation was based upon jurisdictional ground, relator was entitled to a rehearing if application were filed as required by statute.

"Whenever in an action similar to this the question has been presented whether a denial of compensation by the commission was upon jurisdictional grounds, going to the basis of the claimant's right, this court has considered the entire record before the Industrial Commission to determine that question. *Industrial Commission* v. *Phillips, supra; State, ex rel. Araca,* v. *Industrial Commission,* 125 Ohio St., 426, 181 N. E., 870.

"A consideration of the record in this case requires the conclusion that the denial of further compensation was upon jurisdictional grounds going to the basis of the claimant's right to participate in the fund. We make the observation that the exercise of proper care over its orders and entries by the Industrial Commission, and greater accuracy in its procedure in that respect, would merit commendation. However, a consideration of the entire record makes it quite apparent that the commission's action was a denial of further compensation upon the ground that the claimant had been paid for the full period of his disability. The view most favorable to claimant is that such action was based upon the conclusion that his disability did not result from an industrial accident.

"Upon the adverse finding and announced refusal to allow further compensation upon the ground indicated the right then accrued, if it accrued at all, to file an application for rehearing. If it be claimed that the action of August 4, 1931, was not a denial on jurisdictional grounds, then there has been no action by

the commission which would serve as a predicate for an application for rehearing. The filing of an application for modification of award subsequent to the expiration of the thirty days does not serve to present any question other than that which was before the commission prior to August 4, 1931, and it was therefore properly dismissed by the commission. An application for rehearing thereafter and subsequent to the period prescribed by statute is of no avail. The claimant having failed to file such application within the prescribed period cannot by subsequently filing an application for modification of award revest himself with the right lost by failure to comply with the requirement of the statute. *Industrial Commission* v. *Glenn,* 101 Ohio St., 454, 129 N. E., 687.''

If the denial of the claim was not upon jurisdictional grounds, the decision of the commission is of course final. *State, ex rel. Depalo,* v. *Industrial Commission,* 128 Ohio St., 410, 191 N. E., 691. The record in the instant case forms a germane predicate for the application of the law noted.

It is contended that the commission is estopped to assert the limitation contained in the statute, because its agents continued hearings after the final order effective to deny its jurisdiction to entertain the claim, from which no application for rehearing was filed. Even if such acts amounted to conduct constituting in a proper case what might be termed estoppel—and it is our conclusion they do not—the commission cannot obviate the provisions of a specific statute directly applicable to the circumstances involved. If such were the case the commission upon application, or upon its own motion, could reinstate a case specifically barred by the operation of the limitation of the statute. No one would contend that the commission has such power. Manifestly it cannot be estopped into doing

what it could not consciously do by direct act. The writ is denied.

***Writ denied.***

MATTHEWS and HAMILTON, JJ., concur.