## DAVIS v. DAVIS.
### No. 6745.

United States Court of Appeals for the
District of Columbia.

Decided March 7, 1938.

Joseph T. Sherier, of Washington, D. C., for appellant.

Crandal Mackey, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and STEPHENS and MILLER, Associate Justices.

MILLER, Associate Justice.

On October 29, 1925, appellant was granted a divorce a mensa et thoro from his wife, appellee herein, by the Supreme Court of the District of Columbia (now the District Court of the United States). The wife was awarded custody of the minor daughter and alimony in the sum of $300 per month.

Under section 73, Title 14, D.C.Code, 1929, the lower court retained jurisdiction of the cause for future modification of its decree in respect to alimony and custody.[2]

In 1929 appellant filed a petition in the same case praying that the decree of October 29, 1925, be set aside or modified on the ground that, subsequent to the granting of that decree, he had obtained a divorce a vinculo matrimonii in the Circuit Court of Arlington County, Virginia. (His wife appeared specially in the Virginia suit.) From an order denying the relief prayed, an appeal was taken to this court and we affirmed that order. Davis v. Davis, 1932, 61 App.D.C. 48, 57 F.2d 414, 416.

On April 16, 1935, more than three years after our decision in that appeal, appellant filed a new petition in the court below—still in the same case—again seeking to set aside or modify the decree of October 29, 1925, and alleging three grounds for relief, namely, the marriage of the minor daughter subsequent to the 1929 order, the Virginia decree, which was set out in the previous petition, and a reduction in the income of appellant. The last ground was abandoned at the hearing below.

The lower court again denied the petition, stating:

"Well, of course, there is a conflict between this Bloedorn Case[3] and this Davis Case.[4] There is no doubt about that. In the Bloedorn Case they concede the Virginia decree did operate to do away with the provisions of the District decree. In this Davis Case they hold that it did not."

"And if this case came before me without this decision, that is one thing, but it has been before the Court of Appeals and that is what the Court of Appeals held—*the plaintiff's prayer is rested solely on the decree entered in Virginia.*

"So I am going to deny this [petition]." (Italics supplied.)

It is apparent from the language quoted that the lower court, in disposing of the case—apparently through inadvertence—confined its consideration to the second ground urged, and failed to consider appellant's prayer for relief based upon his daughter's marriage. This is assigned as error. A petition for the reduction of alimony is addressed to the sound discretion of the lower court, and the ruling thereon will not be disturbed on appeal unless there has been an abuse thereof.[5] Was there an abuse of discretion here?

The decision of the lower court was founded upon our opinion in the first appeal. Davis v. Davis, supra. Certainly, it cannot seriously be said that we there

---

[2] This section provides: "After a decree of divorce in any case granting alimony and providing for the care and custody of children, the case shall still be considered open for any future orders in those respects."

[3] Bloedorn v. Bloedorn, 64 App.D.C. 199, 76 F.2d 812, cert denied, 295 U.S. 746, 55 S.Ct. 658, 79 L.Ed. 1691.

[4] Davis v. Davis, 61 App.D.C. 48, 57 F. 2d 414.

[5] Jackson v. Jackson, 62 App.D.C. 346, 68 F.2d 393; Cook v. Cook, 168 Wash. 649, 13 P.2d 38; Willen v. Willen, 119 Cal.App. 483, 6 P.2d 554. See, also, Garrett v. Garrett, 61 App.D.C. 309, 62 F.2d 471, and cases there cited; Lovegrove v. Lovegrove, 128 Va. 449, 104 S. E. 804; Steinert v. Steinert, 215 Mo. App. 337, 250 S.W. 924.

passed upon the question raised by the daughter's marriage. We pointed out instead that the appellant's prayer for relief was rested solely upon the Virginia divorce decree, and that there was no allegation of any other change in the circumstances of the parties. As a matter of fact the marriage of the daughter had not at that time taken place. Moreover, our opinion on the former appeal is devoid of any statement limiting, directly or by implication, the power of the lower court to consider subsequent thereto such a change in circumstances. See Chase v. United States, 8 Cir., 261 F. 833. On the contrary, we based the decision explicitly on the ground that the lower court, having first taken jurisdiction of the case, retained jurisdiction under the statutes of the District of Columbia "to enter further and additional orders therein respecting the alimony of the wife and the care and custody of the minor daughter." Davis v. Davis, supra.

■ Under such circumstances the applicable rule is set forth in Seibert v. Minneapolis & St. L. Ry., 58 Minn. 58, 64, 57 N. W. 1068, 1070, as follows: "It is elementary that if relief lying within the sound discretion of the trial court is refused on the ground of want of power to grant it, or upon any other ground that proves the nonexercise of that discretion, such decision will be reversed, and the case remanded, with a direction to exercise the discretion." See, also, Palliser v. Home Telephone Co., 170 Ala. 341, 54 So. 499; Martin v. Bank of Fayetteville, 131 N.C. 121, 42 S.E. 558.

■ That the marriage of a daughter may constitute a good and sufficient reason for modification of a previous order for support and maintenance is well settled. It has been held that the marriage of a minor daughter, creating relationships inconsistent with parental control, emancipates her from the custody, care and control of her parents;[6] that an emancipation works as complete a severance of the

legal filial relationship as if the child had reached majority,[7] thus relieving the parent of all legal obligation for support (Perkins v. Westcoat, 3 Colo.App. 338, 33 P. 139), even though in a particular case it may not affect the power of a court to control the custody of the child. Richardson v. Browning, 18 F.2d 1008, 1012, 57 App.D.C. 186, 190. It is not necessary for us to consider these questions on their merits, but it is obvious that such a change in circumstances, with the possibility of such far-reaching effects, is one eminently proper for consideration in disposing of appellant's petition.

■ Consequently, the omission of the court to consider the matter presented by appellant in support of his petition constituted failure to exercise its discretion (Mattox v. United States, 146 U.S. 140, 147, 151, 13 S.Ct. 50, 36 L.Ed. 917), thus unfairly depriving him of his rights under the circumstances (Pettegrew v. Pettegrew, 128 Neb. 783, 788, 260 N.W. 287, 289; Langnes v. Green, 282 U.S. 531, 541, 51 S.Ct. 243, 247, 75 L.Ed. 520); and requires that the cause be remanded "for further proceedings from the point where the error was committed." Taft, J., in Felton v. Spiro, 6 Cir., 78 F. 576, 581, 583.

Appellant also urges that the lower court should recognize the Virginia decree and, upon the basis thereof, revoke or modify its previous order for alimony. The appellee contends, and the lower court held, that it was foreclosed from so doing by our decision in Davis v. Davis, supra. There can be no doubt that on the first appeal precisely the same issue was presented. We there held that the lower court properly denied appellant's prayer for relief based upon the Virginia decree. Unless that decision can, and should, be disregarded, it constitutes the law of the case, and the decision of the lower court, based thereon, must govern henceforth, in so far as it is founded upon our disposition of that particular issue.

6 Delaware, L. & W. R. R. v. Petrowsky, 2 Cir., 250 F. 554, cert. denied 247 U.S. 508, 38 S.Ct. 427, 62 L.Ed. 1241; State ex rel. Scott v. Lowell, 78 Minn. 166, 80 N.W. 877, 46 L.R.A. 440, 79 Am. St.Rep. 358; Bucksport v. Rockland, 56 Me. 22; Bonnette v. Flournoy, 9 La.App. 467, 119 So. 736; People v. Ham, 206 Ill.App. 543; Rinaldi v. Rinaldi, 94 N.

J.Eq. 14, 118 A. 685; Bishop, Marriage, Divorce and Separation (1891) § 557.

7 Memphis Steel Const. Co. v. Lister, 138 Tenn. 307, 197 S.W. 902, L.R.A. 1918B, 406; Iroquois Iron Co. v. Industrial Commission, 294 Ill. 106, 128 N. E. 289, 12 A.L.R. 924; Wabash R. R. v. McDoniels, 183 Ind. 104, 107 N.E. 291; Brosius v. Barker, 154 Mo.App. 657, 136 S.W. 18.

 This court has adopted and applied "the law of the case" rule. District of Columbia v. Brewer, 32 App.D.C. 388; Warner v. Grayson, 24 App.D.C. 55. The Supreme Court had said, however, that the rule does not constitute an absolute limit upon the power of the court, but, rather, expresses the practice of courts generally to refuse to reopen what has been decided. Messinger v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152, and cases there cited; King v. West Virginia, 216 U.S. 92, 100, 101, 30 S.Ct. 225, 54 L.Ed. 396.` The court has power, under some circumstances, to disregard a prior decision, although it should not be exercised except in a clear case (Williams v. Order of Commercial Travelers, 6 Cir., 41 F.2d 745), where the earlier adjudication was plainly wrong (Seagraves v. Wallace, 5 Cir., 69 F.2d 163, 165; Rogers v. Chicago, R. I. & P. Ry., 8 Cir., 39 F.2d 601, 604), and where the application of the "law of the case" rule would work manifest injustice. Zurich General Accident & Liability Ins. Co. v. O'Keefe, 8 Cir., 64 F.2d 768, 770; Johnson v. Cadillac Motor Car Co., 2 Cir., 261 F. 878, 886, 8 A.L.R. 1023. Cf. United States v. Moser, 266 U.S. 236, 242, 45 S.Ct. 66, 67, 69 L.Ed. 262.

It is difficult to see in what respect our earlier adjudication was so clearly wrong, or the application of the "law of the case" rule so certain to work manifest injustice upon the parties as to require its repudiation in this case. It is only with respect to the Virginia decree of divorce that the lower court is foreclosed from acting upon appellant's petition. As already indicated, it is at liberty to give full consideration to all other changes of circumstances, including those occasioned by the marriage and consequent emancipation of the daughter. It is true that since our decision in Davis v. Davis, supra, we have held in Bloedorn v. Bloedorn, 64 App.D.C. 199, 76 F.2d 812, cert. denied 295 U.S. 746, 55 S.Ct. 658, 79 L.Ed. 1691, and Atkinson v.`Atkinson, 65 App. D.C. 241, 82 F.2d 847, that decrees of divorce entered by courts of Virginia and Maryland, respectively, were valid in the District of Columbia. However, each of those cases is distinguishable from the present appeal, and the mere fact that a different result was reached is of no significance. ·

In the Bloedorn Case the wife, appearing as plaintiff in a suit in the District of Columbia obtained, a consent decree for separate maintenance, together with an award of alimony. The husband later sued in Virginia , for an absolute divorce and the wife appeared generally to defend therein. This court held that the Virginia decree, in his favor, must be given full faith and credit in the District of Columbia, pursuant to article 4, § 1 of the Constitution, because it was undisputed that the Virginia court had full jurisdiction of the parties and the subject matter. Haddock v. Haddock, 201 U.S. 562, 26 S.Ct. 525, 50 L.Ed. 867, 5 Ann. Cas. 1.

 In the Davis Case, on the other hand, the Virginia court did not have full jurisdiction of the parties and the subject matter, and, hence, the decree was not entitled to full faith and credit in the District of Columbia. In order that the Virginia decree should be entitled to full faith and credit elsewhere, it was necessary, in addition, under the law as stated in Haddock v. Haddock, supra, that Virginia be the last matrimonial domicil of the parties, or, if not, that the wife be subjected to the jurisdiction of the court either by personal service within the state or by voluntary appearance and participation in the suit, as in the Bloedorn Case. It can hardly be contended seriously in the present case that Virginia was the last matrimonial domicil. The wife and child never lived there. The only basis for such a contention is that the domicil of the husband was the domicil of the wife (Atherton v. Atherton, 181 U.S. 155, 21 S.Ct. 544, 45 L.Ed. 794; Restatement, Conflict of Laws, 1934, §§ 27, 28), on the theory that he was the innocent party and that she was guilty of desertion. On the other hand, the rule governing the present situation is set out in section 29 of the Restatement, Conflict of Laws, as follows:

"Upon the termination of the marriage in any way, or upon judicial separation, the wife can acquire a new domicil; until she does so, she retains the domicil which she had at the time of the termination of the marriage relation."

Since the District of Columbia court, at the instance of the husband, separated the parties by a divorce a mensa et thoro and provided for separate maintenance of the wife, there can be no presumption that the matrimonial domicil shifted to Virginia following the acquisition of a new domi-

cil by the husband. See Rinaldi v. Rinaldi, 94 N.J.Eq. 14, 18, 118 A. 685, 686–687. Moreover, the special appearance of the wife in the Virginia suit was not sufficient to give full jurisdiction. It did not constitute a waiver of objection to jurisdiction. Andrews v. Andrews, 188 U.S. 14, 39–41, 23 S.Ct. 237, 47 L.Ed. 366. See Baldwin v. Iowa State Traveling Men's Ass'n, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244; Morris & Co. v. Skandinavia Ins. Co., 279 U.S. 405, 409, 49 S.Ct. 360, 361, 73 L.Ed. 762; Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234, 38 S.Ct. 65, 62 L.Ed. 260, L.R.A.1918C, 497, Ann.Cas.1918B, 461; Toledo Railways & Light Co. v. Hill, 244 U.S. 49, 37 S.Ct. 591, 61 L.Ed. 982; Davis v. O'Hara, 266 U.S. 314, 319, 45 S.Ct. 104, 106, 69 L.Ed. 303.[8]

In the Atkinson Case, as in the present appeal, the full faith and credit clause was not controlling because the Maryland court did not have personal jurisdiction of the wife, nor was the matrimonial domicil there. The question involved was whether the District of Columbia court would, under the comity rule, and with due regard for considerations of public policy, recognize the Maryland decree. We held that it should be recognized to the extent of destroying the marriage status. In the present case the appellant seeks to assert the effect of the Virginia decree for the purpose of reducing alimony and support money. The rule as applied in the Atkinson Case is equally applicable here but produces the opposite result. The following considerations set out in our opinion in that case, and bearing upon the question of public policy, are significant in distinguishing it from the present case: (1) Neither party to the Maryland decree was attacking it; (2) it was apparent that each of the parties thereto desired a severance of the marriage tie, as the husband was the plaintiff in the Maryland suit and the wife had remarried; (3) the purpose of the suit was to annul the remarriage of the divorced wife because of the claimed invalidity of the Maryland divorce decree and we held, under the circumstances, it was "more in the interest of public policy to validate the remarriage than to set it aside"; and (4) the law of the District had recently been changed to authorize absolute divorce on account of desertion— the ground upon which the Maryland decree had been granted.

As these considerations were and are missing in the present case, the Atkinson Case provides little in the way of guidance. The Davis Case was decided on its own facts, tested by the rule of public policy. Although the considerations which went into the application of that rule to the facts of the case are not spelled out in the opinion they can be easily ascertained. At the time that decision was rendered desertion was a sufficient ground for absolute divorce in Virginia, but in the District of Columbia was ground for limited divorce only. Moreover, the law of Virginia and the law of the District were in conflict respecting the payment of alimony to a divorced wife by the husband in whose favor the decree was entered. These two reasons, or either of them, were sufficient to support the decision. In view of the changes which have since occurred in the law of the District there may now be less reason for holding, as a matter of public policy, that a Virginia decree, rendered under the circumstances of the Davis Case, should be denied effect in the District. The Atkinson Case perhaps, indicates such a trend. It does not follow, however, that our decision in the Davis Case was wrong. It is still the law of the case.

Reversed and remanded for further proceedings in accordance herewith.

---

[8] There is state authority to the effect that a special appearance to test a court's jurisdiction over the subject matter constitutes a general appearance. Isham v. People, 82 Colo. 550, 262 P. 89; State ex rel. Bennett v. Industrial Commission of Ohio, 50 Ohio App. 269, 198 N.E. 56. Virginia, however, appears to follow a contra rule. Abel v. Smith, 151 Va. 568, 144 S.E. 616. See, also, Mann v. Mann, 170 La. 958, 129 So. 543, and Robinson v. Glover, 60 S.D. 270, 244 N. W. 322.