**GOLDSTEIN v. FRANKLIN SQUARE NAT. BANK.**

**No. 77.**

Circuit Court of Appeals, Second Circuit.

Nov. 6, 1939.

Nathan B. Fogelson, of New York City, for appellant.

Alexander Zager, of Jamaica, L. I., N. Y. (Hyman Stein, of New York City, of counsel), for appellee.

Before SWAN, CHASE, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

Finkelstein, a retail merchant in a small village, filed petition in bankruptcy on January 26, 1938. His trustee in bankruptcy brought action against Franklin Square National Bank to recover for alleged preferences given by the bankrupt to the bank. It was charged in the complaint that the bankrupt, being indebted to the bank in the sum of $1,000 on promissory notes, in December 1937, made deposits of $1,000 with the bank with intent that they be applied in payment of the debt, that the bank did apply the deposits in payment of the debt, that the bankrupt was insolvent at the time when he made the deposits, and that the bank knew or had reasonable cause to believe that the bankrupt was insolvent.

A jury was waived. It was shown at the trial that the bankrupt had had a checking account with the bank for some years, and that in November 1937, he had borrowed $1,000 from the bank on two promissory notes of $500 each. The first note fell due on December 15, 1937, but was not paid on that day. The balance then in the bankrupt's checking account was only $34. On being reminded of the note, the bankrupt promised to meet it as soon as he had the money. He made deposits on the following days totalling about $650, with the result that on December 20th his balance was somewhat in excess of $500, and on that day the bank took payment of the note by charging it against the checking account. The second note was satisfied in similar manner. On the due date, December 20th, the balance in the bankrupt's account was only $137. Deposits in the account over the next few days exceeded the checks paid out by an amount sufficient to bring up the balance to $870 on December 27th, and the bank then charged the note against the account. The bankrupt was insolvent during this period. He filed petition in bankruptcy on January 26, 1938. As to knowledge or reasonable cause to believe on the part of the bank that the bankrupt was insolvent, there was evidence that on a number of days preceding the payment of the notes the bankrupt's bank account was overdrawn. On the other hand, over-

drafts had frequently been permitted by the bank prior to this period, and there were overdrafts after it as well.

The trial court took the view that it was incumbent on the plaintiff to prove that the bankrupt was insolvent to the bank's knowledge in November, when the bank loaned him the $1,000, and to prove also that the bank's purpose in making the loans in November was to use them as a charge against the bankrupt's credit balance. The court found or concluded that the plaintiff had proved neither of these elements in his case, and judgment was entered for the bank.

 The trial court misunderstood the issues in the case. The cause of action asserted by the plaintiff had nothing to do directly or indirectly with the bank's state of mind or purpose in November in making the loans to the bankrupt. The cause of action alleged against the bank was that deposits made by the bankrupt between December 15th and December 27th, although made in his checking account, were intended to be used and were in fact used to pay off an antecedent debt of $1,000 owed by the bankrupt to the bank, this at a time when the bankrupt was insolvent, within four months of bankruptcy, and when the bank had knowledge or reasonable cause to believe that payment of the debt would give it a preference over other creditors. If these allegations were true, the deposits were voidable preferences under section 60 of the Bankruptcy Act, 11 U.S.C.A. § 96. Deposits accepted by a bank with intent to apply them on a pre-existing claim against the depositor rather than to hold them subject to the depositor's checks in ordinary course are given their intended effect when so applied, that is to say, they are payments on account of the debt; and if they were made when the depositor was insolvent and within four months of bankruptcy, with knowledge or reasonable cause to believe on the bank's part that the depositor was insolvent, they are recoverable by a trustee in bankruptcy as voidable preferences. Elliotte v. American Savings Bank & Trust Co., 6 Cir., 18 F.2d 460; Kane v. First Nat. Bank, 5 Cir., 56 F.2d 534, 85 A.L.R. 362; Plymouth County Trust Co. v. McDonald, 1 Cir., 60 F.2d 94. See also Citizens' Nat. Bank v. Lineberger, 4 Cir., 45 F.2d 522; Matters v. Manufacturers' Trust Co., 2 Cir., 54 F.2d 1010; Stevens v. Bank of Manhattan Trust Co., 2 Cir., 66 F.2d 502.

The pleadings and the proof presented a case of the character discussed in the authorities cited above. The trial court took an erroneous view of the law and failed to make findings on the essential issues: whether the bank in receiving the deposits made between December 15th and December 27th intended to apply them in payment or set-off on the notes held by it, whether the bankrupt was then insolvent, whether the bank knew or had reasonable cause to believe that the bankrupt was insolvent. For this error the judgment must be reversed and the case remanded, with direction to the district court to make findings and conclusions on the issues presented and to enter judgment appropriate to such findings and conclusions. We say nothing as to what the findings and conclusions on the issues should be. A new trial is not called for, the proof having been fully developed. See Packer v. Whittier, 1 Cir., 91 F. 511; United States v. Lewis County, 9 Cir., 95 F.2d 236; Davis v. Davis, 68 App.D.C. 240, 96 F.2d 512.

Reversed.