## DAVIS v. DAVIS.

### No. 7420.

United States Court of Appeals for the District of Columbia.

Decided July 15, 1940.

Joseph T. Sherier, of Washington, D. C., for appellant.

Crandal Mackey, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

MILLER, Associate Justice.

In 1925 the lower court granted to appellant a divorce a mensa et thoro; and awarded to appellee alimony in the sum of $300 per month, together with custody of their daughter.[1] Thereafter, appellant, who in the meantime had moved from the District of Columbia into Virginia, was awarded a divorce from appellee a vinculo matrimonii by the Circuit Court of Arlington County, Virginia, and in 1929 he petitioned the lower court to set aside or modify its order of 1925; relying upon the Virginia decree as the ground of his petition. This court in 1932 sustained the order of the lower court, which denied appellant's petition.[2]

In 1935 appellant filed a new petition in the court below—still in the same case—entitled "Petition for Reduction of Allowance for Alimony to Defendant and Maintenance for Daughter." The lower court denied the petition, holding, among other things, that

[35] 1 Freeman, Judgments (1925) § 282; Shelley v. Casa De Oro, 133 Cal.App. 720, 24 P.2d 900; Stumpff v. Price, 74 Okl. 117, 119, 177 P. 109, 111.

[1] The decree ordered: "4. That the plaintiff pay the tuition charges for the

said minor daughter, Suzanne, and pay to the defendant the sum of $300.00 per month for the maintenance of herself and their said daughter, Suzanne."

[2] Davis v. Davis, 61 App.D.C. 48, 57 F.2d 414.

the earlier decision of this court constituted the law of the case. We reversed in part, because of the lower court's refusal to consider the fact, relied upon by appellant, that subsequently to 1929, the daughter of appellant and appellee had married. But we held —in accordance with our understanding of the Virginia decisions,[3] and as appellant admitted in his petition to the lower court— that in the Virginia proceedings appellee had made only a special appearance, in consequence of which the Virginia court did not have full jurisdiction of the parties and the subject matter and, therefore, the Virginia decree was not entitled to full faith and credit in the District of Columbia.[4]

On certiorari the Supreme Court held,[5] contrary to our determination, that appellee's special appearance in the Virginia proceedings constituted, in fact, a general appearance; that the Virginia court had full jurisdiction of the parties and of the subject matter; hence that: "Petitioner is entitled as a matter of right to have the Virginia decree given effect in the courts of the District of Columbia." It remanded the case directly to the District Court, for further proceedings in conformity with its mandate and opinion.

This appeal is from the Decree on Mandate, and from the Order Reducing Alimony, both of which were entered in the District Court on April 18, 1939. That court, while recognizing the Virginia decree and the obligation to give it full faith and credit was nevertheless of opinion that to do so did not require a vacation of its former decree for alimony. The District Court, however, did reduce the allowed amount from $300 to $200, because of the marriage of the daughter. It remains, on this appeal, to determine whether the order does in fact conform to the opinion of the Supreme Court and comply with its mandate. It will be noted in this connection, as held by the lower court, that the Supreme Court did not decide the question thus put in issue. Examination of appellant's petition for certiorari reveals that the question was not presented to the Supreme Court directly or by implication; and in its decision that Court said: "No question is here presented as to the effect of the Virginia decree on the power of the District of Columbia court over alimony." [6]

But the result must be the same as if the decision had covered this point in express terms. The law of the case rule has no application, in view of the Supreme Court's adjudication that the Virginia court had jurisdiction of both parties. The statement of law contained in our earlier decision [7] must be qualified—because of this contrary holding of the Supreme Court—consistently with the rule as declared by that Court in Thompson v. Thompson,[8] and by this court in Bloedorn v. Bloedorn.[9] Consequently, the order appealed from must be reversed. The lower court is directed to vacate its original order and to relieve appellant from making further payments.

Reversed.

---

[3] See Abel v. Smith, 151 Va. 568, 144 S.E. 616; Norfolk & O. V. Ry. v. Consolidated Turnpike Co., 111 Va. 131, 68 S.E. 346, Ann.Cas.1912A, 239. See also, Note, 7 Geo.Wash.L.Rev. 648, 651–652. Cf. Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

[4] Davis v. Davis, 68 App.D.C. 240, 96 F.2d 512, distinguishing Bloedorn v. Bloedorn, 64 App.D.C. 199, 201, 76 F.2d 812, 814, certiorari denied, 295 U.S. 746, 55 S.Ct. 658, 79 L.Ed. 1691.

[5] Davis v. Davis, 305 U.S. 32, 59 S. Ct. 3, 8, 83 L.Ed. 26, 118 A.L.R. 1518.

[6] Davis v. Davis, 305 U.S. 32, 43, 59 S. Ct. 3, 8, 83 L.Ed. 26, 118 A.L.R. 1518.

See Gunning v. Cooley, 281 U.S. 90, 98, 50 S.Ct. 231, 74 L.Ed. 720; Helis v. Ward, 308 U.S. 365, 370, 60 S.Ct. 283, 285, 84 L.Ed. 327: "It is well settled that this Court confines itself to the ground upon which the writ was asked or granted, the review here being no broader than that sought by the petitioner." See also, Robertson and Kirkham, Jurisdiction of the Supreme Court (1936) § 389.

[7] Davis v. Davis, 61 App.D.C. 48, 57 F.2d 414.

[8] 226 U.S. 551, 33 S.Ct. 129, 57 L.Ed. 347.

[9] 64 App.D.C. 199, 201, 76 F.2d 812, 814, certiorari denied, 295 U.S. 746, 55 S.Ct. 658, 79 L.Ed. 1691.