**John D. LAMPMAN, (Plaintiff) Respondent,**

**v.**

**Bertha M. LAMPMAN, (Defendant) Appellant.**

**No. 31210.**

St. Louis Court of Appeals.

Missouri.

April 16, 1963.

Robert A. McIlrath, Flat River, for appellant.

Charles A. Weber, Ste. Genevieve, for respondent.

ANDERSON, Presiding Judge.

This is a divorce suit brought by John D. Lampman, as plaintiff, against Bertha M. Lampman, as defendant. To plaintiff's petition defendant filed a cross-bill. When the case came on for hearing, plaintiff dismissed his petition and the cause proceeded to trial on defendant's cross-bill. The trial resulted in a finding for defendant and a decree of divorce in defendant's favor was entered on said finding. However, the court failed to make any provision in said decree for alimony for defendant or any allowance to her for an attorney's fee as prayed for in said cross-bill. From this judgment defendant has appealed and complains of the court's refusal to grant the above mentioned relief.

The parties were married May 28, 1927, and separated in November, 1950. Both were 56 years old at the time of the trial below, January 9, 1962. There were no children born of the marriage. There was ample evidence offered by defendant to support the charges made by her as grounds for divorce. This evidence need not be detailed here. It is sufficient to say that we have examined all the evidence and agree with the finding of the trial court that defendant is the injured and innocent party, and that the acts and conduct of the plaintiff as shown in evidence entitle defendant to a divorce. We will relate only that part of the evidence which bears upon the matter before us, i.e., whether the court erred in failing to grant defendant alimony, as prayed in her cross-bill and in refusing to allow her a reasonable attorney's fee.

The evidence shows that defendant is not able to work. She has high blood pressure, heart trouble and what she described at the trial as "bone trouble." She takes medicine constantly, and has been on welfare relief since her separation from plaintiff. Plaintiff has contributed nothing for her support since the separation. She lives in what she testified to as a six room house located on 52.40 acres of land owned by her and plaintiff as tenants by the entirety. However, it appears that two of these rooms are not finished. The land was purchased from different persons. The deed for 42.80 acres, which were purchased in 1946, shows a consideration of $1,000.00 and the 3.20 acres cost $100.00 per acre in 1953. 6.40 acres of this land was conveyed, October 17, 1955, to the parties by plaintiff's half-brother, but

the record does not show how much, if anything, was paid for it. The house is on the 6.40 tract and the construction of it was begun by plaintiff's half-brother and was being built, according to defendant's testimony, as a home for her. It was not finished when it was conveyed to plaintiff and defendant. Plaintiff testified he had no opinion as to the value of the property. Defendant testified that the property was worth $12,000.00 and that land around there sold for $200.00 an acre. She stated she had an appraisal made of the property by 'Dolph Okenfuss and that he said the property was worth $200.00 an acre. However, just two months before the trial the parties sold approximately one acre to the Highway Commission for $100.00. There is a deed of trust on the property for $5,100.00.

Plaintiff was steadily employed by the U. S. Corps of Engineers from 1951 to August 25, 1961. On the latter date he was in an accident. As a result of the accident he suffered a compound fracture of the knee and a fractured ankle. He was in the hospital on account of those injuries for one week. Later and in October, 1961, he went back to the hospital due to a heart condition. After that he returned to his employment and worked three days, but in November, 1961, again entered the hospital with a kidney ailment. At the trial plaintiff testified that his doctor told him the day before that he was able to go back to work. Plaintiff's position was a "rodman" with a surveying gang. He was in civil service and rated as a "surveying aid." His earnings for the last two years amounted to $4,975.00.

■ In determining matters of this kind we hear the case de novo, and it is our duty to examine the whole record and reach our own conclusion on the facts. Simmons v. Simmons, Mo.App., 280 S.W.2d 877. In the discharge of this duty, however, the determination of the trial court is entitled to great respect, and we will not ordinarily disturb the trial court's ruling, except where there is a manifest abuse of discretion. McCormack v. McCormack, Mo.App., 238 S.W.2d 858; Steinert v. Steinert, 215 Mo.App. 337, 250 S.W. 924; Stokes v. Stokes, Mo.App., 222 S.W.2d 108.

■ The only justification for refusing alimony in the case at bar was plaintiff's inability, at the time, to pay due to the fact that he was unable to work on account of an accident and his health. Unless and until he is engaged in gainful occupation an award of alimony in a substantial amount cannot be justified. But to deny alimony altogether would forever foreclose the court from making any allowance thereafter, even though the plaintiff's financial condition should improve to such an extent that he could and should contribute toward defendant's support. Smith v. Smith, 350 Mo. 104, 164 S.W.2d 921. The trial court should have made an award of alimony, at least in a nominal amount, to prevent such a situation from arising, and its failure so to do, in our opinion, was an abuse of judicial discretion. We also feel that it was an abuse of discretion for the trial court to refuse to make an allowance of an attorney's fee to defendant.

For the foregoing reasons the cause is remanded with directions to the trial court to amend its decree by allowing monthly alimony in the sum of $1.00, and an attorney's fee in the sum of $150.00.

SAM C. BLAIR and PHIL H. COOK, Special Judges, concur.