**BARNES–MANLEY WET WASH LAUNDRY CO. et al. v. AUTOMOBILE INS. CO. OF HARTFORD, CONNECTICUT.**

No. 3875.

United States Court of Appeals
Tenth Circuit.

June 20, 1949.

Paul Pinson, Tulsa, Okl. (A. G. Kulp, O. L. Lupardus and Charles A. Kothe, Tulsa, Okl., on the brief), for appellants.

W. E. Green, Tulsa, Okl. (J. C. Farmer and Robert J. Woolsey, Tulsa, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PHILLIPS, Chief Judge.

This is a second appeal in this case.[1] On the former appeal we held that the Automobile Insurance Company of Hartford, Connecticut,[2] was entitled to recover on its first cause of action against Barnes-Manley Wet Wash Laundry Company[3] 57 per cent of $211,410.56.

The Insurance Company also set up a second cause of action against the Laundry Company in which it alleged, inter alia, that the Laundry Company charged and collected from each customer 1 per cent of the charge for service to cover insurance. We expressed doubt as to whether the general denial in the answer of the Laundry Company to the second cause of action was sufficient to raise an issue with respect to the allegation of the charge made and collected from customers for insurance. We stated, however, that since the case was to be remanded, it would be a simple matter to determine the issue by proof and that we deemed it unnecessary to pass on the sufficiency of the answer. We further held: " * * * If the Laundry Company collected a charge from its customers for insurance, it had a primary obligation to protect its customers against loss. Through its fraud, it induced the Insurance Company to continue to carry that obligation and the Insurance Company, to the extent of 57 per cent of the amount paid out under the policy for loss of customers, discharged the obligation of the Laundry Company and would be entitled to restitution for that amount from the Laundry Company."

We reversed the judgment and remanded the cause for further proceedings in accordance with the views expressed in our opinion.

On remand, trial by jury having been waived, the court heard evidence with respect to charges collected from customers for insurance and refused to permit evidence to be introduced on any other issue. The Laundry Company has again appealed.

We did not reverse and remand with instructions to grant a new trial. We held that the Insurance Company was entitled to recover judgment on its first cause of action for 57 per cent of $211,410.56. We further held that the Insurance Company would be entitled to recover the same amount on its second cause of action if it established that the Laundry Company charged and collected from each customer 1 per cent of the service charge to cover insurance. We intended that on remand, evidence might be introduced, if the Insurance Company so desired, on the issue of whether the Laundry Company charged and collected 1 per cent of the service charge to cover insurance, but that no other issue should be retried and we think our opinion clearly so indicated.

Since the issue with respect to charges to cover insurance was distinct and independent, and since the other issues had been fully tried at the first trial, there was no necessity for a retrial thereof, and our direction, and the action of the trial court in following that direction, were proper.[4]

Affirmed.

---

[1] Automobile Ins. Co. v. Barnes-Manley Wet Wash Laundry Co., 10 Cir., 168 F.2d 381.

[2] Hereinafter called the Insurance Company.

[3] Hereinafter called the Laundry Company.

[4] McCarthy v. Wynne, 10 Cir., 126 F. 2d 620, 623; Gasoline Products Co. v. Champlin Refining Co., 283 U.S. 494, 496-497, 498, 51 S.Ct. 513, 75 L.Ed. 1188; May Department Stores Co. v. Bell, 8 Cir., 61 F.2d 830, 842.