## McCLURE et al. v. O. HENRY TENT & AWNING CO., Inc.

### No. 10446.

United States Court of Appeals, Seventh Circuit.

Nov. 28, 1951.

Morris A. Haft, Chicago, Ill., for appellant.

Jack I. Levy, Chicago, Ill. (Sonnenschein, Berkson, Lautmann, Levinson & Morse, Chicago, Ill., of counsel), for appellees.

Before KERNER, FINNEGAN, and SWAIM, Circuit Judges.

KERNER, Circuit Judge.

On a previous appeal in this cause we held that the contract in suit had been breached by defendant, as found by the court. However, because of an error in law in the measurement of damages for such breach, we remanded the cause for further proceedings only as to the question of damages. 184 F.2d 636.

Following remand of the cause, defendant filed its motion for hearing and for leave to introduce additional evidence without specifying the nature of the additional evidence, and plaintiffs filed their motion for additional findings of fact and judgment based on the evidence already of record in the cause. The court, without further hearing, adopted the findings proposed by plaintiffs and entered judgment based thereon for damages in the amount of $4,290.78, the same amount as had been decreed in the earlier judgment reversed by us. Defendant appeals. Since we briefly stated the essential evidence in our opinion on the earlier appeal, we shall not restate it.

The error in law to which we called attention in our earlier opinion had to do with the date adopted by the court for measuring the damages which it had fixed as the difference between the contract price of the goods and the market price on the date of the filing of the suit. It appeared from the evidence that although the contract had called for the delivery of material of a specified quality and quantity at specified times, the plaintiffs had accepted materials of a

different quality furnished after the due dates, hence there was shown, and the court found, an indefinite extension of delivery time by mutual consent. We therefore held that the damages should have been determined as of the time of the termination of that extension, and remanded to enable the trial court to determine whether the indefinite extension had been duly terminated, and, if so, when.

Defendant contends that it was error for the court, on remand, to render the finding of facts and enter judgment thereon without hearing additional evidence, and that the evidence already of record was insufficient to support this special finding which was as follows: "After, but not for some time after, May 21, 1946, the date on which defendant made the last shipment of material under the duck contract, plaintiffs again asked defendant to perform the duck contract. A reasonable time thereafter, i. e., August 14, 1946, defendant having failed to perform, plaintiffs' attorneys demanded satisfaction from defendant upon threat of instituting this suit, thereby terminating the extensions for indefinite periods of the time for defendant to perform said contract. The market price of 30″ 10.53 oz. army duck was 45.86¢ per yard on August 14, 1946, which price was in effect from August 5, 1946 until August 30, 1946."

We cannot agree with defendant's contention that the court was compelled to hear additional evidence upon the remand of the cause. As we stated, the evidence as to a fact vital to the decision of the cause was in dispute, and it was the duty of the trial court to resolve that dispute. That did not mean that a new trial was necessary. Of course, had the court desired to hear additional evidence on the issue it was free to do so under our mandate. But it appears from its disposition of the cause that it was satisfied that there was sufficient evidence of record upon which to base its finding, and that further hearing was unnecessary. We cannot say that its disposition of the cause was clearly erroneous. The record presented on the original appeal discloses that the proofs had been fully developed, and we think they are sufficient to support the additional finding

of facts. Under these circumstances it was not error for the court to dispense with further hearings. Goldstein v. Franklin Square Bank, 2 Cir., 107 F.2d 393. Compare United States v. Yellow Cab Co., 338 U.S. 338, 70 S.Ct. 177, 94 L.Ed. 150.

Cases upon which defendant relies to the effect that "A lower Court has full power to consider and determine any question or matters which the decision and the mandate of the reviewing court have left open and undisputed, Sprague v. Ticonic National Bank, 307 U.S. 161 [59 S.Ct. 777, 83 L. Ed. 1184], and to take such further proceedings as may be necessary in the case to effectuate the decision of the Appellate Court, Illinois Bell Telephone Co. v. Slattery, [7 Cir.], 98 F.2d 930," do not require a different conclusion under the facts here presented.

Judgment affirmed.