Frank H. KELLEY et al., Trustees, et al., Defendants, Appellants,

v.

Otto HANSEN et al., Plaintiffs, Appellees.

No. 5495.

United States Court of Appeals
First Circuit.

July 28, 1959.

Robert W. Meserve, Boston, Mass., with whom John R. Hally, Alan R. Trustman and Nathan Newbury, III, Boston, Mass., were on brief, for appellants.

Frank L. Kozol, Boston, Mass., with whom Sidney Werlin, Leon Birnbaum, Joel A. Kozol, Lee H. Kozol, and Friedman, Atherton, Sisson & Kozol, Boston, Mass., were on brief, for appellees.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Circuit Judge (Retired).

This is the second appeal in the above-entitled case. See Kelley v. Hansen, 1 Cir., 1958, 254 F.2d 99.

An amended complaint in two counts was filed by the plaintiffs on May 4, 1955. The first cause of action was predicated upon an alleged oral contract entered into on October 4, 1948, between the plaintiffs and the defendants through their agent, one Sherman H. Bowles, since deceased, who was the publisher and the dominant factor in the Republican Daily News and the Springfield Union. The alleged contract related to complicated transactions involving the shares of stock in Alliance Manufacturing Company, an Ohio corporation; and defendants were alleged to have agreed that, upon any sale of said stock, the plaintiffs were to receive the sum of $169,000 "together with a reasonable share of the profits made upon such sale." The second cause of action was like the first, except that the plaintiffs here omitted any allegation that the defendants had promised to pay a reasonable share of the profits, and judgment was demanded only "in said total amount of $169,000 together with interest thereon from September 1, 1954, plus their costs."

Responding to interrogatories propounded by the court, the jury brought in answers favorable to the plaintiffs as to both counts. As permitted by the trial court's instructions, the jury reported a single total verdict in the sum of $250,000, having evidently added $81,000 covering the profits claimed in Count I to the $169,000 claimed in Count II; and the judge thereupon entered judgment for the plaintiffs in the sum of $250,000.

On the first appeal we said: "The second cause of action sought recovery of only the sum of $169,000 with interest. We find no fault with that." 254 F.2d at page 104. We thought there was error in the recovery of judgment on the first count. We said that, if the terms of the alleged oral contract, properly construed, meant no more than that the plaintiffs were entitled to recover a "reasonable" share of the profits upon resale of the stock, the contract must be held to be void on account of vagueness, since it was clear that the parties in their oral negotiations had never determined upon a fixed percentage of the profits which they deemed to be "reasonable". The trial judge charged the jury on Count I that: "If * * * you find there was no evidence of the percentage of participation, then, in accordance with the worth of their services, you would add to that $169,000 whatever was a reasonable amount." In this connection we thought that the trial judge might have had in mind cases where a contract recovery was denied on account of vagueness in the terms of the contract but where, in order to prevent unjust enrichment, the plaintiff has been allowed to recover on a *quantum meruit*, based on the extent to which the services rendered by the plaintiff, not officiously, have conferred a benefit upon the defendant. We then pointed out that if that was the theory on which the trial judge left the point to the jury, "the difficulty is that the case was not tried on a *quantum meruit* basis, and consequently the plaintiffs adduced no evidence which would

enable the jury to evaluate what their services were worth, or rather, how much these services benefited the defendants."

We therefore entered judgment vacating the judgment of the district court, setting aside the single verdict for $250,-000, and "remanding the case to that Court for further proceedings not inconsistent with this opinion."

When the case got back to the district court, the plaintiffs elected not to introduce any evidence as to damages recoverable under the first count, in addition to the damages claimed under the second count. The district judge, considering it unnecessary to have any retrial of the issues presented in the second count, entered its judgment as follows:

"1. The verdict of the jury is hereby reinstated to the extent of $169,000, plus interest thereon from October 1, 1954, the date of the commencement of the action, at the rate of 6% per annum in the amount of $44,390.67, for a total verdict of $213,390.67.

"2. Judgment in the amount of $213,390.67 is hereby entered for the plaintiffs."

The present appeal by the defendants is from this second judgment.

■ We think it clear that the trial judge correctly divined that the intent of our mandate was to leave the district court free in its discretion to grant a new trial or not on the issues presented in the complaint. Reinstating the verdict, so far as it related to the second count, was certainly not inconsistent with anything we said in our opinion. See Barnes-Manley Wet Wash Laundry Co. v. Automobile Ins. Co. of Hartford, 10 Cir., 1949, 175 F.2d 624.

■ Defendants claim that they are entitled to a new trial because evidence admissible only under the first count prejudiced their defense of the second count. We cannot find, however, that the district court abused its discretion in denying defendants a new trial on this ground.

■ But, tough as the result to the plaintiffs may seem to be, we see no escape from the conclusion that the district judge, upon remand, should not have added to the sum of $169,000 an item of $44,390.67 as interest on the main figure from October 1, 1954.

There is no doubt that the plaintiffs' complaint, in Count II, demanded the recovery of interest as well as the principal amount of $169,000. It may have been an oversight, but when the district judge gave his charge to the jury he made no mention of the claim for interest, but charged that they could add to the sum of $169,000 "whatever was a reasonable amount" in accordance with the worth of the plaintiffs' services. No exception was taken to the charge in this regard. And when the jury brought in its total verdict for $250,000, the trial judge was not even asked by the plaintiffs, in rendering the ensuing judgment, to make a mathematical computation of the interest due and to add the sum of $44,390.67 to the judgment. The trial judge could not, in reinstating the verdict to the extent that it related to Count II, add an item of interest which was not in that verdict. It seems obvious that it was too late for that. See Sears v. Pauly, 1 Cir., 1958, 261 F.2d 304. It would have been different had the district judge in his discretion chosen to grant a new trial on the issues relating to the second count; in that event the jury could have been instructed, if they found in favor of the plaintiffs, to add an appropriate amount covering interest.

A judgment will be entered vacating the judgment of the District Court and remanding the case to that Court with direction to enter judgment for the plaintiffs in the sum of $169,000.00.