931 F.2d 886
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William F. GRUBB, III, Administrator, CTA of the Estate of
William Grubb, Jr., Major, Plaintiff-Appellant,
and
Lily S. Grubb, Plaintiff,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-3054.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 7, 1991.
Decided April 25, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. Joe F. Anderson, Jr., District Judge. (CA-86-687-6-17, CA-87-344-6-17)
 Robert Frank Plaxco, Leatherwood, Walker, Todd & Mann, P.C., Greenville, S.C. (argued), for appellant; Robert R. Smiley, III, Smiley & Mineo, Charleston, S.C., William P. Harper, Jr., Hardee, Hardee & Harper, Raleigh, N.C., on brief.
 Paul Elijah Wilburn, III, Assistant United States Attorney, Greenville, S.C. (argued), for appellee; E. Bart Daniel, United States Attorney, John B. Grimball, Assistant United States Attorney, Greenville, S.C., on brief.
 D.S.C., [APPEAL AFTER REMAND FROM 887 F.2D 1230.]
 AFFIRMED.
 Before DONALD RUSSELL, PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Involved is the tragic death of Major William F. Grubb, Jr. following surgery performed by a Navy surgeon. His widow, Lily S. Grubb, and his administrator c.t.a. filed a Federal Tort Claims Act case which led to a concession by the government as to liability. When the case was first decided on damages, the district court, in addition to pecuniary damages of $119,966, allowed, on a solatium approach, $350,000 in non-pecuniary damages.
 
 
 2
 The judgment granting that amount of non-pecuniary damages was reversed on appeal on October 23, 1989. Grubb v. United States, 887 F.2d 1230 (4th Cir.1989). Holding it was error to "include any amount to compensate for such emotional distress as Mrs. Grubb sustained as a result of Admiral McDermott's telephone call," we remanded for recalculation of the solatium award.
 
 
 3
 Maryland, by statute, imposes a $350,000 cap on recovery for solatium. Md. Court and Judicial Proceedings Code Ann. Sec. 11-108(b). We struck out that portion of the solatium award attributable to the theory that a telephone call by Admiral McDermott of the naval hospital, commiserating with Lily S. Grubb and mentioning the possibility of a suit for recovery of damages, should be permitted to contribute to quantification of the amount of the solatium award. We reasoned that a "normal bereavement" recovery had been achieved by Lily Grubb. The contents of the telephone conversation as related by Mrs. Grubb were:
 
 
 4
 He said, this is Admiral McDermott from Bethesda Hospital. Did you know your husband had surgery at Bethesda Hospital? And I said, yes, I was there. He said, did you know Dr. Billig operated on him? I said, yes. He said, well, I'm giving you--let's see, how was it--something to the effect, I'm telling you that we are responsible for his death. Dr. Billig is being courtmartialed for manslaughter for his death. I'm advising you to get an attorney. I'm giving you permission to sue the United States government. I said, do you know that I am a C.R.N.A.? And he said, no, I do not but if you are a C.R.N.A., then you can appreciate the gravity of this situation. And I said, I knew that there was something that just didn't ring true in the autopsy report. And I had just gotten that autopsy report about a month or so before that. It was a long time coming. And he said, yes, there is a lot wrong there.
 
 
 5
 887 F.2d at 1231. We pointed out that "[i]n the telephone call, Admiral McDermott was not ungentlemanly or discourteous or even unfeeling.... By his call he manifestly sought to be helpful." Id. at 1233.
 
 
 6
 The district judge, exercising his discretion to look "to the evidence bearing on the particular damages," did not reopen the record to allow other evidence not introduced during the original trial of the case to be produced. The question was how the evidence originally introduced should be allocated, and the refusal to permit additional evidence was not clearly erroneous. McClure v. O. Henry Tent & Awning Co., 192 F.2d 904, 905 (7th Cir.1951) ("We cannot agree with defendant's contention that the court was compelled to hear additional evidence upon the remand of the cause. As we stated, the evidence as to a fact vital to the decision of the cause was in dispute, and it was the duty of the trial court to resolve that dispute. That did not mean that a new trial was necessary.... [T]here was sufficient evidence of record upon which to base its finding, and that further hearing was unnecessary. We cannot say that its disposition of the cause was clearly erroneous."); Barnes Manley Wet Wash Laundry Co. v. Automobile Ins. Co. of Hartford, Connecticut, 175 F.2d 624 (10th Cir.1949). Lily S. Grubb's theory was that she had been recovering from the stress occasioned by her husband's painful death, only to have the traumatic consequences thereof flare up again because of the telephone call. She, in picturing the telephone conversation as "the cruelest thing that anybody could ever do to somebody," could hardly have appreciated Admiral McDermott's motives.
 
 
 7
 The district judge concluded that, to represent "a normal bereavement and nothing else," the solatium should be awarded at the figure of $70,000, disregarding any consequences of the telephone call. The result appears to us an unexceptional one, entirely within the scope of the district judge's authority.
 
 Accordingly, the judgment is
 
 8
 AFFIRMED.